## Leinss et al. *v.* Weiss.

[No. 5,054.   Filed June 10, 1904.]

Appeal and Error.—*Assignments of Error.*—Assignments that the court erred in giving certain instructions and that the verdict is not supported by sufficient evidence and is contrary to law are reasons for a new trial, and are not properly assigned as independent errors on appeal.  *p. 347.*

Insane Persons.—*Examination by Justices of the Peace.*—*Notice.*—The fact that a person has been declared of unsound mind by two justices of the peace, under the statute, and sent to an insane hospital, and afterwards discharged as cured, is not notice to persons who deal with him, in good faith, that he is of unsound mind and incompetent to transact business, where there was nothing in his actions or conduct which would cause a prudent man to think he was otherwise than sane. *pp. 347-349.*

From Newton Circuit Court; *C. W. Hanley,* Judge.

Suit by Charles R. Weiss against Frederick Leinss and

others to quiet title. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*William Cummings* and *William Darroch*, for appellants.
*E. B. Sellers*, for appellee.

HENLEY, J.—Appellee began this action by complaint in two paragraphs, both of which amount to simple actions to quiet title, and differ only in this: that the first paragraph of complaint states the facts covering the whole transaction.

The facts as they appear are, briefly, as follows: Frederick Leinss was on the 20th day of January, 1891, the owner of the fee and in possession of the northeast fractional quarter of section one, township twenty-seven north, range eight west, in Newton county, Indiana, and on that day he and his wife, the appellant Minnie Leinss, conveyed said land to one Glasgo B. Clymer, and on said date the said Clymer conveyed the same land to the appellant Minnie Leinss. Prior to the date of this conveyance Frederick Leinss had, by an inquest held by two justices of the peace under the statute, been declared a person of unsound mind and a proper person to be admitted to the insane asylum, and he had been so admitted; but prior to the date of the conveyance he had, by the proper authorities at the asylum, been discharged as cured. Afterward he was again declared of unsound mind by an inquest held by two justices of the peace under the statute, and again confined in an insane asylum. At the December term, 1892, of the Newton Circuit Court, the appellant Minnie Leinss, as wife of the appellant Frederick Leinss, filed her petition in said court to sell said real estate, alleging that her husband was insane and confined at that time in the asylum for the insane. The court granted the prayer of the petition, and authorized her to sell and convey said real estate without her husband joining her therein. Afterward, on the 1st day of March, 1893, the appellant Minnie

Leinss, under and by virtue of the order of the court made upon her said petition, conveyed said real estate to one Harry S. Bailey. On the 15th day of September, 1893, the said Bailey and wife conveyed the same land to Bethania T. Bailey; and on the 2d day of March, 1896, the said Bethania T. Bailey and her husband conveyed said land to Jacob Ropp; and on the 26th day of February, 1902, said Ropp and wife conveyed the same land to Charles R. Weiss, the appellee herein, who has brought this action to quiet his title thereto.

The appellant Frederick Leinss answered by his guardian, John Weiss. The appellant Minnie Leinss answered for herself. The court appointed a guardian *ad litem* for August, Lydia, Annie, and Henry Leinss, who were minors, who filed an answer for said minors. All of the answers filed were in two paragraphs, the first of which was a general denial, and the second paragraph averred that Frederick Leinss was a person of unsound mind and had been so declared by a commission in lunacy prior to the conveyance to his said wife, and that afterward, in the judgment rendered by the Newton Circuit Court authorizing his said wife to sell the land, he had been found to be a person of unsound mind, and asking that the deed of conveyance from said Frederick Leinss to the said Clymer to vest the title to said land in his wife be declared void. Appellee filed a general denial in reply to the second paragraph of each answer. There was a trial and judgment for the appellee, quieting his title to the land in controversy. Appellants each moved the court for a new trial, assigning as causes that the court erred in giving the jury each of instructions numbered one and two; that the verdict of the jury is not supported by sufficient evidence; that the verdict of the jury is contrary to law. This motion was overruled. Appellants have separately assigned error in this court (1) that the trial court erred in overruling appellants' motion for a new trial; (2) that

the trial court erred in giving instruction number one;
(3) that the trial court erred in giving instruction number two; (4) the verdict of the jury is not supported by sufficient evidence; (5) the verdict of the jury is contrary to law.

It will be observed that the second, third, fourth, and fifth specifications of the assignment of errors are reasons for a new trial only, and are not properly assignable as errors in this court. The first specification, however, covers all of the ground, and presents the question which appellants desire to have decided here.

Counsel for appellants say in their brief that the controlling question in this appeal is presented by instruction number one, given by the court to the jury, which was in the following words: "The court instructs you that an inquest of insanity held by two justices of the peace upon the alleged insanity of any person or inhabitant of their county, and their certificate that said person therein named is insane and a proper subject for treatment in the hospital for the insane, is not a judgment of a court or equivalent thereto, nor is such finding and certificate equivalent to a verdict of a jury or a finding of a court that such person is of unsound mind and incapable of managing his own estate, its purpose being to establish the fact that such person is entitled to admission to a hospital for the insane for treatment, and will not be notice to persons who deal with such person in good faith, who have no knowledge or notice of such unsoundness of mind, where there is nothing in the manner, language, or conduct of such person to put them or any prudent man upon inquiry as to his sanity, and after he had been discharged from said hospital."

We think this instruction undoubtedly states the law. It goes no further in fact than to say to the jury that after a person has been declared of unsound mind by the action of the two justices of the peace and sent to an insane asy-

lum, and discharged from the asylum as cured, and there is nothing in his actions or conduct which would cause a prudent man to think he was otherwise than sane, the mere fact that by the action under the statute the person has been admitted to an insane asylum is not notice to others who might deal with him in good faith. The object of the inquest under the statute is to admit a person to the insane hospital and to establish the fact that he is a proper person to be admitted. And his discharge as cured is as much a notice of the fact that he is sane as the inquest and admission to the asylum is notice of his insanity. §§3209, 3211, 3216, 3233, 3234 Burns 1894. To hold the law other than indicated by the court in the instruction set out, would require every one who did business of any kind with another, in order to be perfectly safe, to ascertain whether or not the person with whom he was transacting business had ever been an inmate of an insane asylum. We have not been cited to any cases, nor do we think one could be found, which holds that a person may not deal freely with one who has been discharged from an insane asylum as cured, or who, having been adjudged insane by a court, has by a proper action had a record made of his restoration to reason.

The evidence in this case shows that at the time of the conveyance of the land in question to the appellant Minnie Leinss the appellant Frederick Leinss was of sound mind, and had been discharged from the insane hospital as cured. This is not contradicted by the evidence of any witness. The evidence further shows that his action in making such conveyance and vesting the title of the land in his wife was most wise and beneficial to his estate; that by reason thereof, after he had become permanently insane, his wife sold the property, discharged the mortgage which encumbered it, and saved from the proceeds of the sale enough money to secure a home for herself and children. The record not only shows that no one has suffered by the action

of appellant Leinss, but that appellants have all been directly benefited by it.

We find no error in the record. Judgment affirmed.