# Town of French Lick *v.* Allen.

[No. 9,587.   Filed February 16, 1917.]

1. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Streets. —Notice.*—Failure to give a town notice in writing containing a brief general description of the time, place, cause and nature of the injury, as required by §8962 Burns 1914, Acts 1907 p. 383, 408, precludes the right to maintain an action for personal injuries resulting from any defect in the condition of a street or alley.   p. 650.

2. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Notice to City or Town.—Construction.—Sufficiency.*—In determining whether the time, the place and the nature of the injury, etc., are disclosed with sufficient clearness in a notice served on a city pursuant to §8962 Burns 1914, Acts 1907 p. 383, 408, a liberal construction will be applied, and relief will not be denied when by any fair and reasonable construction it can be said that it substantially complies with the statute, but the notice must be sufficiently definite and accurate as to the place of injury that the officers of the municipality will be able to locate it without the aid of any extraneous information, so that they may ascertain the facts and determine the question of liability before suit is brought. p. 651.

3. MUNICIPAL CORPORATIONS.— *Personal Injuries.— Notice.— Sufficiency.—Description of Place.*—A notice to a town that plaintiff had been injured by a fall on a street leading from the town to a certain highway, on the hill south of the street car barn where the street was being improved, and that her fall was caused by the uneven surface of the street and sidewalks, is insufficient to comply with the requirements of §8962 Burns 1914, Acts 1907 p. 383, 408, since no unusual place in the street is designated, and the only defect indicated is not even definitely located at any particular place in the street described.   p. 652.

From Washington Circuit Court; *Emmett C. Mitchell,* Special Judge.

Action by Lillie Allen, by her next friend, Nathan Allen, against the Town of French Lick. From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Talbott & Roland* and *Wilbur W. Hottel,* for appellant.

*Perry McCart, Arthur McCart* and *Elliott & Houston,* for appellee.

IBACH, P. J.—This case again comes to us on a petition for rehearing and a majority of the court have concluded that appellant's brief is sufficient in form to present some of the errors assigned for review. The action is to recover damages for injuries alleged to have been sustained by appellee from falling on one of appellant's streets. There was a trial by a jury, with verdict and judgment for appellee for $2,000.

It is appellant's contention that the trial court erred in overruling appellant's demurrer to the complaint because the notice given to appellant was insufficient in that it did not state the place where the injury was received, nor did it state the nature of the plaintiff's injury; nor was the cause of plaintiff's injury clearly set forth in the notice.

It is well settled that the failure to give the notice required by §8962 Burns 1914, Acts 1907 p. 383, 408, precludes the right to maintain the action. The notice

1.  required by this statute must be in writing and must "contain a brief general description of the time, place, cause and nature of the injury." *Touhey* v. *City of Decatur* (1910), 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404.

The notice, which is annexed to and made part of the complaint, so far as it relates to the place where appellee received her injuries, is as follows: "Lillie Allen fell on a street in your town leading from said town to the French Lick and Hillman public highway on the hill south of the street car barn where said street is being improved. As a result of the fall she was cut and bruised on and over her face and on her body and limbs. That said fall was caused by the uneven surface of the street and sidewalk and said street and by failure to have such defective place guarded or lighted."

The law is also well settled that in determining whether the time, the place and the nature of the injury, etc., are

disclosed in the notice with sufficient clearness and
2. definiteness so as to meet the requirements of the sec-
tion of the statute, *supra*, the rules of liberal construc-
tion will be applied and relief will not be denied when by
any fair and reasonable construction it can be said that the
notice substantially complies with the statute. *City of East
Chicago* v. *Gilbert, supra,* and cases cited.

In cases where this rule has been applied, however, it has
been held that "to be legally sufficient, a notice must con-
tain a description of the place of the accident so definite as
to enable the interested parties to identify it from the notice.
*   *   *   The notice must be sufficiently definite in itself to
enable a person of ordinary capacity, with knowledge of the
physical condition of the streets, in the exercise of reason-
able diligence, to locate the place of injury." *Sollenbarger*
v. *Town of Lineville* (1909), 141 Iowa 203, 119 N. W. 618,
18 Ann. Cas. 991, and cases cited.

Many other cases wherein the same question has been con-
sidered and like language used have been collated in the
recent case of *City of East Chicago* v. *Gilbert, supra,* so
that it will serve no good purpose to repeat them here. It
is sufficient to say that the courts of all the states having
similar statutes universally hold in effect that, while the
notice is not required to point out the precise spot where the
accident occurred, it is necessary, to be sufficient, that it be
so definite and accurate as to the place of injury that the
officers of the municipality will be able to locate it without
the aid of any extraneous information.

It seems to be the conclusion of all the courts that the
real purpose of the notice is to furnish to the city or town
such information, within a reasonable time after the acci-
dent, from which it may know the time, the exact location,
the circumstances and the nature of the injury so that the
authorities may determine the question of its liability; that
they may have an opportunity to investigate before any suit
can be brought and also the opportunity to obtain and pre-

serve testimony as to the condition of the street and the circumstances attending the injury. The city receiving the notice intended for this purpose is not required to examine places not mentioned in the notice nor to respond in damages for injuries not mentioned.

The question now presented is whether the statement of the place and the cause of appellee's injury in her notice is a sufficient compliance with the statute. The only 3. statement of the place is somewhere on the street leading from said town to the French Lick and Hillman public highway, on the hill south of the street-car barn where said street is being improved, and that her fall was caused by the uneven surface of the street and sidewalks on said street and by failure to have such defective place guarded or lighted. There is no unusual place in the street designated in the notice. The only defect indicated is an uneven surface somewhere; it is not even limited to the sidewalks, nor that portion of the street not included within the sidewalks, but somewhere, either at the center or on either side of the street, within the limits of the street on the hill south of the street-car barn where the street is being improved.

If there had been but one defect in the street of the character described where plaintiff might have fallen and become injured and that place could be located by the exercise of reasonable diligence on the part of the town officers, and the complaint had averred such fact, it might possibly be said that the notice was reasonably clear and definite and the purpose of the statute had been accomplished, but no such condition is presented here; rather the contrary appears. The record discloses the fact that the street was being improved by grading the hill down from the top to the bottom and the hill was between a quarter and a half mile in length; that the street-car barn was near the top of the hill; and that the entire street was torn up by reason

of the improvement and there were a number of *uneven* places and depressions where a person might have fallen.

In view of this record we do not believe that the notice contained sufficient information to lead the town officers, using reasonable diligence, to the place of the alleged injury; consequently plaintiff has failed to comply with a cardinal and definite requirement of the statute preliminary to her right to maintain her suit. Our reference to the record here is not for the purpose of aiding the complaint, but to show the uncertainty of the notice, when applied to the particular facts of this case.

There are many cases in the books, and this may be another, where the application of the foregoing rules would tend to make the statute here involved appear to be a harsh one, and it is for this reason that the courts have applied to it the rule of liberal construction; but to go so far in the present case as to hold that the notice was a sufficient compliance with the statute would in effect entirely disregard the statute and destroy the very purpose for which it was enacted.

The demurrer to the complaint should have been sustained. Judgment reversed.

NOTE.—Reported in 115 N. E. 79. See under (1) 28 Cyc 1447 (2, 3) 28 Cyc 1453, 1455, 1461.