## CITY OF TERRE HAUTE *v.* O'NEAL.

[No. 10,171. Filed February 6, 1920.]

1. PLEADING.—*Complaint.*—*Construction.*—*Inferences.*—In construing a complaint, where a demurrer is interposed, all facts will be deemed stated that can be implied from the allegations made by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated. p. 489.

2. MUNICIPAL CORPORATIONS.—*Streets and Sidewalks.*—*Duty of City.*—*Personal Injuries.*—*Liability.*—The law imposes on cities a duty to use reasonable care to keep their streets, including the sidewalks, in a reasonably safe condition for travel, and a failure to discharge such duty renders them liable for damages to a traveler injured thereby while exercising due care for his own safety. p. 489.

3. MUNICIPAL CORPORATIONS.—*Personal Injuries.*—*Action.*—*Complaint.*—*Sufficiency.*—In an action against a municipal corporation for personal injuries, a complaint alleging that plaintiff was injured by falling through an unguarded coalhole in a sidewalk, which was covered only by loose boards; that the city had knowledge of the danger to pedestrians, etc., *held* to state a cause of action in its averments of defendant's negligence and the injury proximately resulting therefrom. p. 489.

4. MUNICIPAL CORPORATIONS.—*Personal Injuries.*—*Notice to City.*—*Variance.*—In determining whether there was a variance between the location of the place where plaintiff was injured and its location as designated in the notice of injury served by plaintiff on defendant city pursuant to §8962 Burns 1914, Acts 1907 p. 249, it is proper to resort to the evidence, not to supplement the notice or to supply deficiencies therein, but to apply the notice to the situation as it appears on the ground. p. 490.

5. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Action.—Notice of Injury.—Evidence.—Variance.*—In an action against a municipal corporation for personal injuries, notice served on defendant pursuant to §8962 Burns 1914, Acts 1907 p. 249, by plaintiff, who was injured by falling through a coal chute in a sidewalk, *held* not to vary materially from the proof of the place where the accident happened, which was No. 913 Wabash avenue, though notice stated that the number was 813. p. 493.

6. APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.*—Error, if any, in refusing to permit a witness to answer a certain question on cross-examination asked by defendant was harmless, where the same matter was covered in subsequent questions propounded by defendant to the witness and such questions were answered without objection. p. 495.

7. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action against a city for personal injuries, error, if any, in permitting a medical witness to testify as to what abnormal or unhealthy conditions were shown by X-ray plates of plaintiff's knee, was harmless, where the witness, in response to the questions asked in that regard, testified that no unhealthy conditions were found. p. 495.

8. EVIDENCE.—*Opinion Evidence.—Admissibility.*—In an action against a city for personal injuries, evidence of a medical witness as to what, in his opinion, based on his examination of plaintiff, produced the abnormal condition which he had testified existed in her left knee, which evidence on its face was competent, was not rendered inadmissible because the witness had taken X-ray pictures of both knees of plaintiff, and had examined and considered both pictures in forming his opinion. p. 496.

9. APPEAL.—*Briefs.—Waiver of Error.*—Where appellant fails to state in its brief any proposition or point with reference to the damages being excessive, it waives any error in respect to the amount of the recovery, and cannot, therefore, predicate any error on the giving of instructions relating to the assessment of damages. p. 496.

From Parke Circuit Court; *Henry Daniels,* Judge.

Action by Edith O'Neil against the city of Terre Haute. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*C. S. Batt* and *W. S. Danner,* for appellant.

*Arthur Z. Thomas, J. Harvey Caldwell, Harold A. Henderson* and *Jacob S. White,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages for personal injuries. The complaint is in a single paragraph, and alleges in substance, among other things, that on April 30, 1915, and for a long time prior thereto, there was within the corporate limits of appellant a public street known as South Ninth and One-Half street, running north and south, and extending from Wabash avenue to Poplar street; that said street was at all times much traveled by the public generally; that on said date, and for nine months prior thereto, said street was paved with bricks, with a concrete sidewalk on each side thereof; that on said date, and for many years prior thereto, there was a saloon building on the southwest corner of the intersection of said street first named and said avenue, known as 813 Wabash avenue; that on said date, and for nine months prior thereto, there was a large coalhole three feet long and two feet wide, opening on the west sidewalk of said South Ninth and One-Half street, and extending down under said saloon building into the basement thereof; that on said date, and during the time last named prior thereto, appellant carelessly and negligently permitted said coalhole to be in said sidewalk and to remain covered with loose boards; that said boards were about one inch thick and lay loose on the surface of said sidewalk over said opening, unfastened and unsecured; that during all of said time appellant carelessly and negligently failed and refused to cover or protect said coalhole, except as above stated, but left the same unguarded as aforesaid, without any lights or warn-

ing of any kind, although it had knowledge of the dangerous condition of said sidewalk for a sufficient time prior to said date, and the injuries hereinafter alleged, to have made the same safe; that about 9:30 o'clock in the evening of said date appellee was a pedestrian on said Ninth and One-Half street, and walked on the west sidewalk thereof toward said Wabash avenue, until she came to said coalhole; that at said time and place it was dark, and she could not and did not see said coalhole, and did not know that it was in said sidewalk, or that said boards were thereon; that, by reason of said opening being carelessly and negligently left in the condition described, she then and there tripped on said boards and fell; that the boards were thereby knocked away and apart, and appellee was then and there and thereby thrown into said coalhole and seriously injured; that appellee received all of her said injuries wholly through the careless and negligent acts of appellant, as aforesaid, and without any fault or negligence on her part; that on May 28, 1915, appellee served the following notice upon appellant and its clerk:

"I do hereby notify you, that I, Edith O'Neal received and sustained the following injuries on the west sidewalk on South Ninth and One-Half street, in the city of Terre Haute, Vigo county, Indiana, at about 9:30 o'clock on or about the 30th day of April, 1915, to wit: (describing them), and that I, Edith O'Neal, received and sustained all of said injuries on said date by reason of stumbling on and against loose boards covering a large coal chute, leading down under the saloon property known as 813 Wabash avenue, in said city, and falling down therein.

"Edith O'Neal."

Demand for damages in the sum of $5,000. Appellant's demurrer to the complaint was overruled, and the issues were then closed by an answer in general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee for $1,000. Appellant filed a motion for a new trial, which was overruled, and now prosecutes this appeal on an assignment of errors, calling in question the action of the court in overruling its demurrer to the complaint, and in overruling its motion for a new trial.

Appellant bases its contention that the court erred in overruling its demurrer to the complaint on the grounds that there is not only a failure to allege facts showing actionable negligence on its part, but also a failure to state facts which show that the alleged negligence was the proximate cause of appellee's injuries. In considering this contention we should bear in mind that, in construing a complaint where a demurrer is interposed, all facts will be deemed stated that can be implied from the allegations made by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. We should also bear in mind that the law imposes on the cities of this state a duty to use reasonable care to keep their streets, including the sidewalks thereof, in a reasonably safe condition for travel, and that a failure to discharge this duty renders them liable for damages if a traveler thereon, while in the exercise of due care for his own safety, suffers injury by reason of such failure. It is alleged in the complaint that appellant permitted a large coal-

hole in one of its sidewalks to remain covered by loose boards about one inch thick, which lay on the surface of such sidewalk, without any light to disclose its presence, or guard to protect pedestrians from injury therefrom. Such a condition created a place of absolute danger, and this fact, when taken in connection with the alleged knowledge on the part of appellant, placed upon it the imperative duty of using reasonable care to make and keep such place safe. Facts are alleged which show that appellant negligently failed to discharge this duty, and that appellee was thereby injured. It is averred that such injuries were received wholly through the careless and negligent acts of appellant as aforesaid, and without any fault or negligence on the part of appellee. We are clearly of the opinion that the facts alleged show a legal duty owing by appellant to appellee; that appellant failed to discharge such duty; and that appellee was injured as a proximate result thereof. We therefore hold that the court did not err in overruling appellant's demurrer to the complaint.

Appellant in its motion for a new trial has assigned 113 reasons therefor. As these reasons are based very largely on the alleged insufficiency of the notice served by appellee, in an attempt to comply with §8962 Burns 1914, Acts 1909 p. 312, we will first consider that question. It will be observed by reference to said section that, in order to sustain an action such as this, a notice in writing, "containing a brief general description of the time, place, cause and nature" of the injury must have been served on certain designated officers within a specified time. The notice so served in the instant case is set out above, and was introduced in evidence.

It is not contended that such notice is defective or insufficient on its face, but that, measured by the actual place where appellee was injured, as shown by the evidence, it constitutes such a wide variance as to render it ineffective as a complaince with the statute. In determining whether there is such variance, it is proper to resort to the evidence, not for the purpose of supplementing the notice, or to supply deficiencies therein, but rather to apply the notice to the situation as it appears on the ground. The alleged variance in the instant case is based on the fact that the notice states that appellee was injured on the west sidewalk on South Ninth and One-Half street in the city of Terre Haute, Vigo county, Indiana, by reason of stumbling on and against loose boards covering a large coal chute, leading down under the saloon property known as 813 Wabash avenue in said city, and falling down therein, when the undisputed fact is, as disclosed by the evidence, that the number of the saloon property in question was known as 913 Wabash avenue. The concrete question for our determination in this connection is, Did this fact, when considered in connection with the rest of the notice, and the physical surroundings, as shown by the evidence, render such notice ineffective?

This court has heretofore considered some of the rules that should be applied in determining the question we are now considering, among which we note the following: "In so far as concerns the requirement that the notice be given, and within the time specified, and to the proper officers, the statute is strictly construed. * * * But on the question of whether a notice in fact given is sufficiently definite as to the time, place, nature, etc., of the injury, the

rule of liberal construction is generally adopted by the courts. * * * The purpose of such statute is to 'apprise the officers of municipality of the location, so that it might be examined with a view to preparing a defense to the action if it was thought a defense should be made; that if it directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met; and that it was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants.' * * * 'If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute.' * * * Doubtless the nature of the obstruction or defect that caused the injury if described in the notice or some physical object referred to therein, may be sufficiently potent to render an otherwise ambiguous or indefinite notice reasonably certain: Thus, if the obstruction or defect is plainly visible, and there or no others of a like nature within the limits; or if reference is made to a well-known building, tree or other physical monument, and if the place of injury is located with reference thereto. * * * We would not be understood as holding it to be important that the city officials had or could have had extraneous information respecting the place of accident. On the contrary, we do hold that the notice itself, unaided and unsupplemented by such outside information must be sufficient and sufficiently ac-

curate to that end." *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404. In the case just cited the court applied the above rules to the notice given, and held the same sufficient. In the later case of *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79, this court referred with approval to the case cited above, but held the notice it was then considering insufficient, under the evidence descriptive of the place where the injury occurred. These cases are instructive as illustrating the manner in which the rules cited will be applied to a given case.

We will now consider the notice in the instant case in the light of the evidence and the rules cited. If an officer of appellant, on receiving such notice, had gone out to locate the place where appellee claimed she received her injury, guided only by the information furnished by the notice itself, but actuated by a good-faith purpose to locate the same, he would very naturally have gone to South Ninth and One-Half street, and proceeded along the west sidewalk thereof to its intersection with Wabash avenue. Having reached such intersection, he would naturally have looked for a "saloon property" facing on Wabash avenue, with a large coal chute on the west sidewalk of South Ninth and One-Half street, covered with loose boards, leading down under the same, as the notice itself furnished that information. If he had done this, he would have had no difficulty in locating the place in question, as the evidence shows that there was only one place on the west sidewalk of said South Ninth and One-Half street that answered that description. But if he had observed that the number of such "saloon property" was 913 instead of 813 Wabash ave-

nue, as the evidence shows, a very little additional investigation would have disclosed that 813 Wabash avenue did not lie adjacent to South Ninth and One-Half street, but was about one block therefrom. This would have indicated to any reasonable mind that a mistake had been made in the number given, and especially since there was only a difference in the initial figure of such number. This should have led him to test the location found by the other descriptive facts given in the notice. The evidence discloses that, had he done so, he would have discovered that such location not only answered such description, except as to such number on Wabash avenue, but also excluded every other location along the west sidewalk of the street on which the notice stated the injury had been received. But if such officer, in his attempt to locate the place of appellee's injury from the description given in the notice, had gone direct to 813 Wabash avenue, the result should not have been different. After reaching such point he would have discovered that the building designated by such number was not used for a saloon, but was occupied as a clothing store, that there was no coal chute on the sidewalk adjacent thereto covered with loose boards, and that such building did not abut on South Ninth and One-Half street, but was some 200 or 300 feet therefrom. Had he then exercised ordinary diligence, he would have attempted to locate the place sought, by going to the sidewalk on the street expressly designated in the notice, and looking for a coal chute covered with loose boards leading down under a "saloon property," as stated therein. The evidence discloses that this reasonable effort would have enabled such officer to locate the place of appellee's injury. Under the state of facts indicated

above we are forced to conclude that there was no material variance between the notice and the evidence descriptive of the place where appellee's injury was received, and that the notice, therefore, was sufficient.

Appellant contends that the court erred in the admission of certain evidence given by appellee and Mary Brown, Robert H. Catlin, Vorhees Newton, and John O'Neal. The objections to all of this evidence were based on a claim that the notice served by appellee, in an attempt to comply with §8962, *supra*, was not sufficient. We have held that such notice was sufficient and it follows that the court did not err in admitting it in evidence. This being true, any objections to evidence based on its insufficiency would necessarily be unavailing.

Appellant further contends that the court erred in refusing to permit the witness Stephenson to answer a certain question, which it asked her on cross-examination. 6. We need not consider whether the court committed error in so doing, as the record discloses that appellant covered substantially the same ground embodied in the question refused in subsequent questions propounded to the same witness on cross-examination, which were answered without objections. Such error, if any, was thereby rendered harmless.

It is further contended that the court erred in permitting the witness Dr. Pierce to testify as to what abnormal or unhealthy conditions were shown 7. on exhibits "F" and "G," being X-ray plates of appellee's right knee. This contention is based on a claim that the notice of injury served by appellee made no claim for an injury to appellee's right knee. The record discloses that the witness

testified in response to questions in that regard that there were no such conditions shown by said plates. This fact rendered any error in the admission of such evidence harmless.

It is further contended with reference to the evidence of Dr. Pierce that the court erred in permitting him to state what, in his opinion, based on his examination of appellee, produced the abnormal condition which he testified existed in her left knee. This evidence on its face was clearly competent. The fact that the record may disclose, as appellant contends, that the witness had taken X-ray pictures of both knees of appellee, and had examined and considered both of such pictures in forming his opinion as to the cause of the abnormal condition of the left knee, is not a sufficient basis on which to predicate reversible error.

Appellant in his propositions or points has challenged the action of the court in giving instructions Nos. 15 and 18 requested by appellee. From what we have said with reference to the sufficiency of the notice involved in this cause, it is apparent that the court did not err in giving said instruction No. 15. Said instruction No. 18 relates to the assessment of damages in the event the jury found in favor of appellee, and any error in that regard could only affect the amount of recovery. Appellant, however, has waived any error in that regard by failing to state in its brief any proposition or point with reference to the damages being excessive. Appellant therefore cannot predicate error on the giving of said instruction. *Washburn-Crosby Co.* v. *Cook* (1918), 70 Ind. App. 463, 120 N. E. 434; *Scottish, etc., Ins. Co.* v. *B. E. Linkenhelt & Co.* (1919), 70 Ind. App. 324, 121 N. E. 373.

Appellant contends that the verdict is not sustained by sufficient evidence. This contention is based in part on a claim that the notice of the injury served by appellee on the officer of appellant is insufficient, but we have determined that question against appellant's contention. It is also urged that the evidence fails to show that appellant was guilty of actionable negligence, or that the negligence charged was the proximate cause of appellee's alleged injuries. We have held that the complaint alleges sufficient facts in these particulars to state a cause of action, and find in the record ample evidence to sustain the allegations in this regard. Appellant has failed to point out any sufficient reason for holding that the verdict is contrary to law. Other alleged reasons on which appellant based its motion for a new trial are waived by a failure to state any proposition or point with reference thereto. After a careful consideration of all the alleged errors presented by appellant in support of its motion for a new trial, we conclude that the court did not err in overruling the same.

We find no reversible error in the record. Judgment affirmed.