ALLIED COAL AND MATERIAL COMPANY *v.* MOORE.

[No. 12,841.   Filed June 10, 1927.   Rehearing denied October 28, 1927.   Transfer denied November 21, 1928.]

Bingham, Mendenhall & Bingham, for appellant.
J. Burdette Little and Rogers & Smith, for appellee.

NICHOLS, J.—Action to recover damages for alleged personal injuries sustained by appellee when he fell into a sidewalk coalhole, alleged to have been negligently left open and unguarded by appellant. The issues tried were those tendered by the first and third paragraphs of amended complaint and the answer thereto in general denial. There was a verdict in favor of appellee for $3,500, upon which the court rendered judgment, from which this appeal, appellant assigning as error the court's action in overruling appellant's motion for a new trial, in overruling appellant's motion to make the first paragraph of amended complaint more specific and in overruling appellant's demurrer to the third paragraph of amended complaint.

It is averred in the first paragraph of amended complaint that, on or about December 3, 1924, appellant was delivering fuel to the basement of the City Trust Company Building in Indianapolis, about 5:15 p. m. when it was raining, and, by and through its employees, in the necessary performance of their duties, it recklessly and negligently opened and permitted to remain open for a long period of time, a hole into a cellar and basement adjacent to said building, which was made for the purpose of delivering fuel to said building, and recklessly and negligently failed to give any warning thereof to the public and persons using said sidewalk and to appellee; that it was dark and raining, and that said opening, used in said manner, was dangerous and a menace to the life and limb of persons using said sidewalk and to appellee; that appellee was

walking south on said sidewalk at said time and, because of the number of persons passing thereon at said time, in the darkness and falling rain, was unable to see and did not see the condition of said opening; that appellant, through its said agents and employees, knew, or by the exercise of due diligence should have known, that it was dangerous to persons using said sidewalk as aforesaid. As appellee was so using it, under such conditions and without warning and knowledge to such persons that said hole was open and the lid raised, and without his fault, he stepped and fell into said opening, and was greatly and permanently injured, and still suffers great pain and anguish of body and mind and will so suffer for the remainder of his life; was rendered wholly and permanently disabled from performing his usual occupation, or any avocation, and that by reason of the premises he has been damaged in the sum of $25,000. There was no error in overruling appellant's motion to make this paragraph more specific. As it stands, it is a plain statement of the acts and omissions of appellant upon which the negligence was predicated and could be easily understood by appellant. This was sufficient.

The third paragraph of amended complaint was, in its facts, similar to the first, except that it averred that on February 20, 1917, the common council of the city of Indianapolis, adopted a general ordinance, which, so far as it pertains to the facts herein, was in full force and effect, and had been duly published at the time of the accident; that such provisions of said ordinance as pertain to this action are that it shall be unlawful for any person to obstruct any street, alley, sidewalk, or public place of this city, by permitting any lift, hoist, elevator, door, lid or covering, or opening into any cellar or subway, located in any street, alley, sidewalk, crosswalk or public place of the city, to be and remain open or raised or lowered above or below the surface of such

street, alley, sidewalk, crosswalk or public place, for a longer period of time than twenty minutes, and providing that any person violating any of its provisions shall, on conviction, be fined in any sum not exceeding $50; and further avers that said lid was left open for forty-five minutes and that the leaving of said lid open was unlawful, and in violation of the provisions of said ordinance, and caused appellee's injury.   It appears by the ordinance that twenty-minutes time was given as the limit of time that the doors or lids to the opening could be kept up, which we assume was considered ample time within which to unload a load of coal, thus signifying that it was intended to prohibit leaving the doors up when the coal was not being unloaded.   But, it appears by this paragraph of complaint that the doors had been up for forty-five minutes, much longer than was necessary, and this at a place where many pedestrians were passing.   In determining whether the court erred in overruling the demurrer, we do not need to determine whether appellant was guilty of the violation of a city ordinance, for it appears by the paragraph of complaint that appellant had created a dangerous situation in a portion of a city sidewalk that was much used, and it was bound, aside from the ordinance, to use reasonable care so to safeguard the situation as to protect the public against injury.   The paragraph of complaint clearly charges negligence on the part of appellant, aside from the violation of the ordinance, which proximately resulted in appellee's injury, and it does not appear thereby that appellee was, as a matter of law, guilty of contributory negligence.   The language of the complaint being capable of a construction which makes it sufficient to withstand a demurrer on the theory of common-law negligence, we may assume that the court adopted that construction when it overruled the demurrer.   *City of*

*Laporte* v. *Ahlborn* (1922), 191 Ind. 485, 133 N. E. 874. The demurrer thereto was rightly overruled.

Negligence and contributory negligence, under the circumstances here involved, were questions of fact for the jury, and the jury having found against appellant on those issues, the verdict will not be disturbed. *City of New Albany* v. *Stallings* (1919), 71 Ind. App. 232, 124 N. E. 701.

We do not consider errors assigned as to the giving or refusing of instructions for the reason that all of the instructions given are not set out in appellant's brief. The fifth clause of Rule 22 of the rules of this court and the Supreme Court expressly provides that where error is predicated on the giving or refusal of instructions, the statement must recite the instructions that were given.

We find no reversible error. Affirmed.

Dausman, J., absent.