EMRICH FURNITURE COMPANY *v*. VALINETZ.

[No. 14,575. Filed May 18, 1933.]

*U. S. Lesh, Richard L. Lowther* and *James E. Lesh,* for appellant.

*Charles D. Babcock,* for appellee.

SMITH, J.—Appellant brought this action against appellee in the Marion Municipal Court upon an open account for labor performed and material furnished in the refinishing of certain household furniture. The appellee answered by a general denial, and a second paragraph, denominated by him as a set-off; and asked for damages against appellant, and that such damages be set off against any judgment appellant might recover.

The case was tried by the court without a jury and a finding and judgment for the sum of $25.00 rendered for appellee upon the set-off against the appellant. Part of the finding is: The court "now finds for the defendant on the defendant's counterclaim, and for the defendant on the plaintiff's complaint, and that the defendant is entitled to recover of and from the plaintiff the sum of $25.00 together with the costs."

Appellant filed its motion for a new trial, the overruling of which is the only error relied upon for reversal, in which motion eight grounds are set out. The first and second are alike, as also are the third and fourth. The fifth, sixth, seventh and eighth attempt to raise questions of the admission and the rejection of certain testimony, but they present no question as neither the objections nor any offers to prove are set out in

the motion. Thus the only grounds for new trial which are presented are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

The complaint in this case is upon an open account, and charges that the appellee is indebted to appellant for labor performed and material furnished in the re-finishing and re-covering of certain articles of household furniture in the principal amount of $165.68; it alleges that an itemized account is attached and made part of the complaint, which is long past due and has not been paid, and asks for interest thereon.

Appellee's set-off alleges that the appellant entered into a parol contract with the appellee whereby the former agreed to refinish a certain dining room suite and to re-cover seats of some chairs, and to fill in all indentations, crevices and depressions therein with a material similar to the unfinished wood so that said depressions and indentations would not be noticeable.

Then follows the averment that the appellant agreed to do this work and furnish these materials for the sum of $165.00. Appellee further alleges that appellant negligently and carelessly did this work and thereby the furniture was damaged by unskillful workmanship; and as a result became valueless to the appellee whereby appellee was damaged in the sum of $175.00, for which he prayed judgment, and that any judgment recovered by appellee be set off against appellant's claim.

Appellant filed a general denial to this set-off.

Appellant erroneously assumes that its complaint is based upon a contract and then seeks to prove a contract with the appellee to do this work for a specified sum. Appellant sought to introduce evidence as to the value of material furnished and service rendered, but the lower court refused to admit this testimony. Appel-

lant sought to raise the question in its motion for new trial, but failed to comply with the rule.

There is not sufficient evidence in the record to support the allegations of the complaint, hence there could be no recovery thereon.

The appellee admitted a contract in its set-off and asked that the damages accruing by reason of the negligence and unworkmanlike manner of doing the work be set off and that he have judgment therefor.

There is no evidence in the record showing any pecuniary damages which would warrant the lower court in rendering judgment against appellant upon this set-off. The only evidence in the case as to the damages under the set-off was given by the appellee himself, who testified that appellant agreed to do the work for the sum of $150.00; that the furniture was returned in a damaged condition; and the work was unskillfully done. He then detailed a number of defects therein; and said that the furniture was in no better condition after it had been returned than it was before the appellant took it away, but was, in fact, in a worse condition on account of the poor workmanship. Nowhere in the record does the evidence show that appellee was damaged in the sum of $25.00 or in any other specified sum. There is not sufficient evidence to sustain the decision of the court, and hence it is contrary to law. The lower court erred in overruling the motion for a new trial but we see no good purpose in ordering a new trial in this cause.

Therefore, the judgment is reversed, and the lower court ordered to vacate and set aside the judgment against the appellant, and to enter a finding and judgment for appellant upon the set-off, and that appellee take nothing thereby, and a finding and judgment for appellee upon the complaint, and that appellant take

nothing thereby. It is further ordered that the lower court enter judgment against appellant and appellee that each pay one-half of the costs in the lower court, and that the costs in this court be taxed against the appellant.