HAMPTON *v.* TRAVELERS INSURANCE COMPANY ET AL.

[No. 14,702. Filed October 20, 1933.]

*Jones & Obenchain* and *Paul M. Butler,* for appellant.

*Frank E. Coughlin,* for appellees.

WOOD, P. J.—The appellee, Eva Hampton Millner, brought suit against her co-appellee upon a certificate of insurance issued by it to one Isham Hampton, as the beneficiary named and designated in said certificate.

Appellee, The Travelers Insurance Co., in its answer, admitted liability on the policy, and a willingness to pay the amount due thereon to whomsoever the court found to be entitled thereto. It alleged further that the appellant was claiming the sum due as the surviving wife of Isham Hampton, and asked that she be made a party defendant to the action of the appellee, Eva Hampton Millner. This request was granted and appellant was made a party defendant. She filed an answer to the complaint in general denial, also a second paragraph of answer, and a cross-complaint both similar in their allegations, the substance of which was, that she was the wife of Isham Hampton and was the person referred to and named and designated as beneficiary in the certificate of insurance. On January 5, 1931, the appellee, The Travelers Insurance Company, paid the money due on the policy into court, was discharged from further liability, and the appellant, on order of the court was substituted as defendant.

On the issues as thus formed, the cause was tried to the court without a jury, resulting in finding and judgment for the appellee, Eva Hampton Millner. Appellant's motion for a new trial alleged as causes therefor that the finding of the court was not sustained by sufficient evidence; that the finding of the court was contrary to law; and that the court court erred in permitting witnesses, while testifying for and on behalf of the appellee, Eva Hampton Millner, to answer certain questions propounded to them over her objection. This motion was overruled and this action of the trial court is the only error assigned for reversal.

In her motion for a new trial the appellant failed to properly present to the trial court for its consideration any cause based upon the improper admission of evidence. While the motion sets out the questions propounded and objection thereto, it fails to set

out any answer to any of the questions. This is not sufficient to properly present the alleged erroneous rulings to the trial court for its consideration. As a necessary sequence the record does not present any alleged errors based upon the trial court's rulings upon the admissibility of evidence, to this court for review.

In the recent case of *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581, our Supreme Court said: "The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the questions themselves, must be presented, together with his grounds of objection, in order for a determination to be made by this court of the existence of harmful error, and the court will not search the record for evidence adduced by the questions complained of." See, also, *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183; *Kenwood Tire Co.* v. *Speekman* (1931), 92 Ind. App. 419, 176 N. E. 29; *Inter-Ocean Casualty Co.* v. *Wilkins* (1932), 96 Ind. App. 231, 182 N. E. 252; *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297.

The evidence was sufficient to support the finding and judgment of the trial court. This court will not weigh the evidence. The finding and judgment of the trial court is not contrary to law.

The judgment is affirmed.