CITY OF GARY *v.* McNULTY.

[No. 14,742. Filed February 13, 1935.]

642

 

*O. S. Boling, C. W. Hunt, Harry Long, Roswell B. Johnson, Gilbert Gruenberg, Robert H. Moore* and *Milton J. Fagan,* for appellant.

*Amorine M. Wilson* and *Earl S. Cummings,* for appellee.

WOOD, J.—The appellant appeals from a judgment recovered against it by the appellee for damages sustained on account of personal injuries, suffered by appellee, when he fell upon a defective sidewalk, alleged to have been negligently maintained by appellant.

The errors assigned for reversal are, overruling appellant's demurrer to appellee's complaint, and overruling appellant's motion for a new trial.

The complaint contained the usual allegations incorporated in such complaints, where the cause of action is based upon negligence on the part of a city in failing properly to maintain sidewalks in a safe condition for the use of pedestrians. Among these allegations was one, that notice of the accident and resultant injuries was served upon the appellant as required by Sec. 11230, Burns 1926. Appellant's demurrer to the complaint questioned the sufficiency of the facts alleged therein to state a cause of action. Three paragraphs of memoranda, all of the same tenor and effect, were filed in support of the demurrer. They questioned the sufficiency of the notice served upon the appellant by appellee to meet the requirements of said Sec. 11230, supra. The notice read as follows:

### *"NOTICE*

to the City of Gary July 6, 1931.

"The City of Gary is hereby notified that one Robert McNulty intends to and is going to hold the City of Gary liable in damages for personal injuries caused him and resulting from a bruise on his right leg, which developed into blood poisoning,

which bruised leg he sustained at about 11:30 P. M. on the 16th day of May, 1931, by virtue of a defect in and upon the sidewalk of Washington Street on the East Side thereof and North of Fourth Street and in front of the premises located at 349 Washington Street and the vacant part adjoining the premises at 349 Washington Street, in the City of Gary, Lake County, Indiana, which defect is an abrupt elevation of about one foot, of the concrete sidewalk on the northern end at the above particular point after an aperature in the concrete sidewalk of about one year which aperature is of nothing but sand, so that where the concrete sidewalk begins at the northern end of said aperature, it begins at an elevation of about one foot above the aperature, and that sand is so caved in from beneath of the concrete sidewalk that it sticks out and forms a very abrupt and crude ledge, which ledge is unguarded and unlighted, and which ledge caused the above injury to the said Robert McNulty while he was rightfully traversing the said sidewalk.

"Service of the above notice upon the Mayor of the City of Gary is hereby accepted and acknowledged this 6th day of July, 1931.

R. O. JOHNSON
MAYOR OF THE CITY OF GARY

Irvin McClellan
Attorney for Robert McNulty."

The provisions of this section of the statute are mandatory. The giving of the notice is a condition precedent to a right of action. The statute is strictly construed in its requirement that notice be given within the specified time and to the proper officers. But on the question whether a notice in fact given is sufficiently definite as to the time, place, nature, and extent of the injury, the rule of liberal construction is generally adopted by the courts. We think the notice contained facts sufficient to inform the city officials of the time, place, nature, and extent of the injuries, so that by the exercise of reasonable diligence, and without other information from the ap-

pellee, they could find the place where it was claimed the accident happened, resulting in the injuries. It directed their attention with reasonable certainty to the place of the accident. This answered the intent and purpose of the statute. "It was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants." *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79; *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26; *McComb* v. *City of Chicago* (1914), 263 Ill. 510, 105 N. E. 294. The demurrer was properly overruled.

The only causes alleged for a new trial discussed in appellant's brief are Nos. 1, 2, 3, 16, and 25.

In cause for a new trial designated as No. 3, appellant complains of the ruling of the court in admitting in evidence over its objection, the notice of the accident served upon appellant by appellee. What we have already said concerning the ruling of the court on appellant's demurrer to the complaint disposes of this question. The notice was properly admitted in evidence.

In cause for a new trial designated as No. 6, appellant complains of the ruling of the court, in refusing to permit a witness called to testify for and on its behalf to answer a question propounded to him on re-direct examination, over the objection of appellee. While the motion for a new trial sets out the question, it does not set out the objection or the substance thereof, made to the question, nor does it set out the offer to prove or the substance thereof, or the answer which it expected to elicit by the question. The allegations of the motion are not sufficiently definite and specific to present any question for our consideration. *Indianapolis R. R. Co.* v. *Ragan* (1909),

171 Ind. 569, 86 N. E. 966; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29; *Gaines et al.* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297; *Fletcher* v. *Stutz etc., Co.* (1933), 96 Ind. App. 398, 168 N. E. 585; *Emrich Furniture Co.* v. *Valinetz,* (1933), 96 Ind. App, 668, 185 N. E. 654; *Hampton* v. *Travelers Ins. Co.* (1933), 97 Ind. App. 488, 187 N. E. 212.

In causes for a new trial designated as Nos. 16 and 25, appellant complains of the refusal of the court to give to the jury instructions Nos. 8 and 17 tendered by appellant. We have examined all the instructions given to the jury by the court of its own motion, those given at the request of appellant, and those given at the request of appellant as modified by the court. The substance of appellant's instructions Nos. 8 and 17 which the court refused to give to the jury were covered by other instructions which the court did give. The refusal of the court to give these instructions was not error.

Finally in causes for a new trial designated as Nos. 1 and 2, the appellant contends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. To sustain this position appellant asserts that the uncontroverted evidence shows conclusively that the accident resulting in appellees' injury was the result of his own negligence proximately contributing thereto. In order to accept appellant's position, we would have to be able to say from the evidence in the record, and all reasonable inferences to be drawn therefrom most favorable to appellee, that he was himself guilty of negligence proximately contributing to his injury. But the evidence on the question of contributory negligence on the part of appellee is not susceptible of the interpretation

placed upon it by appellant. The evidence on this phase of the case is conflicting. Under such circumstances negligence and contributory negligence were questions of fact to be submitted to the jury for its determination, and the jury having found against appellant on these issues, its verdict will not be disturbed. *Dondono* v. *City of Indianapolis* (1909), 44 Ind. App. 366, 89 N. E. 421; *Allied Coal Co.* v. *Moore* (1928), 88 Ind. App. 253, 157 N. E. 55; *Virgin* v. *Lake Erie, etc., Co.* (1913), 55 Ind. App. 216, 101 N. E. 500.

Judgment affirmed.

Kime, J., concurs with opinion.

## CONCURRING OPINION.

KIME, J., concurs in the result reached by the majority with the following opinion.

This was an action for damages on account of personal injuries which the appellee sustained while walking on a sidewalk in the City of Gary. Notice of the accident had been given to the city. The notice disclosed that appellee had sustained the injury "by virtue of a defect in and upon the sidewalk of Washington Street on the East side thereof and North of Fourth Street and in front of the premises located at 349 Washington Street and the vacant part adjoining the premises at 349 Washington Street." The complaint alleged that this notice had been given within the statutory time and contained the allegations usually found in complaints of this character, which complaint was attacked for alleged insufficiency of notice by demurrer. Judgment was had against the city and appellant filed a motion for a new trial, which was overruled. The overruling of this motion and the demurrer are assigned as errors.

Appellant contends that the notice was insufficient because it does not contain a brief general description

of the place of the accident and for the further reason that it does not state the cause of or the nature of the injuries alleged to have been sustained. §11230, Burns Revised Statutes, 1926; §12512, Baldwin's 1934. The appellant says that the exact location could not have been in front of 349 and also in front of the part adjoining, but as I interpet the notice I believe that, in accordance with the liberal construction that should be given such notice, the location was described with sufficient clarity and definiteness to meet the requirements of that section and I hold the notice to be sufficiently "definite in itself to enable a person of ordinary capacity with knowledge of the physical conditions of the streets, in the exercise of reasonable diligence, to locate the place of injury," which this court has held to be the law in the *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 622, 108 N. E. 29, 109 N. E. 404; *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79; *Sollenbarger* v. *Linville* (1909), 141 Iowa 203, 18 Ann. Cas. 991. And especially the first case, in which the court quotes, with approval, the following language from *Carr* v. *Ashland* (1883), 62 N. H. 665, 669:

> "If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute."

The notice also stated that the plaintiff sustained a bruise on his right leg by virtue of a defect in the sidewalk, which statement in reference to the injury I think is sufficient under the statute, and consequently there was no error in overruling the demurrer to the complaint.

Under the motion for a new trial the appellant con-

tends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and makes the point under this that the notice was insufficient. What I have already said as to the demurrer effectively disposes of this proposition.

The appellant contends that the evidence shows that the appellee was guilty of contributory negligence. The evidence discloses that the appellee, together with a companion were walking along this street, in the nighttime, and that the street lights were burning and that he came to a place in the sidewalk where he encountered sand; that he did not change his pace and that at the junction of the sand and concrete portion was where he struck his shin on the protruding part of the sidewalk; that it was light enough so that he could tell the difference between the sidewalk and the grass on the side of it, as he walked along. The appellant contends that since appellee did see the obstruction after the injury and since he could and did see the difference between the sidewalk and the grass that he could have seen the obstruction, had he been looking, immediately prior to the accident, inasmuch as the obstruction was some fifteen or more inches in height and directly in his pathway. This is not such a state of facts that this court can say, as a matter of law, that appellee was guilty of contributory negligence and it was, therefore, a proper question for the jury.

The appellant also makes a special point of the fact that appellee did not check his pace but walked right ahead at the same gait that he was going before he encountered the sand. It is difficult to see how the speed at which the plaintiff walked has anything to do with the injury which he sustained. Even though he were negligent in this respect it is highly improbable that a slower pace would have enabled him to discover the obstruction in his way and avoid the in-

jury. The speed of his pace, therefore, cannot be considered as a cause of the accident. I think this contention has been effectively disposed of in *Mahoney* v. *Beatman* (1929), 110 Conn. 184, 147 Atl. 762, 66 A. L. R. 1121, which case Harper, in his "Treatise on the Law of Torts," says is "an excellent illustration of the entire application of these rules of contributory negligence in their most difficult form," section 134, page 299. In that case plaintiff was driving a car at an excessive speed and collided with defendant's car, which was being driven on the wrong side of the road. The driver of the plaintiff's car saw the defendant's car approach him from the wrong side of the road, but the collision ensued and the court allowed a recovery for the damage done. Harper further says, in reference to that case:—"On analysis, the case may be made to illustrate the most intricate instance of the principles herein considered. This analysis would seem to be somewhat as follows:—defendant was admittedly negligent in driving on the wrong side of the road, and the general class of harms threatened is clearly broad enough to include all the hazards which the plaintiff encountered. There were all of the class of generally foreseeable harms threatened by such conduct. Plaintiff's excessive speed likewise constituted negligence with respect to the entire sequence of harms encountered. They were all reasonably foreseeable, in a general way. It is known that excessive speed multiplies the hazards from collisions and loss of control thereafter. Accordingly the plaintiff's negligence may quite properly be set off against the defendant's negligence, since both are of the same type and pertain to the same risks, if the plaintiff's negligent driving was a legal cause of all the damage. To constitute a legal cause, of course, it must first appear that such conduct was a cause in fact of the damage. It would

seem that there is a serious doubt whether the plaintiff's speed can be regarded as a cause in fact of the initial collision, as the accident quite properly would have occurred anyway in view of the nature of the defendant's driving. A number of well considered cases have so held." In any event it would seem a proper question for the jury whether the plaintiff's speed contributed to the impact or whether the initial collision would have occurred anyway. If it did not so contribute, he is not barred from recovering for such initial collision, for his conduct would not be a legal cause if it was not a cause in fact of the collision.

From the above it would seem to me that there is serious doubt whether the appellee's pace can be regarded as a cause in fact of the collision with the protruding sidewalk.

As to the appellee's contributory negligence it does not appear to the court that the evidence is so strong that it can be said that, as a matter of law, the appellee failed to conform to the standard of reasonable care by failure to use his faculties for his protection. The appellee was required to use only those precautions which a reasonable man under the circumstances would regard as necessary. In the Restatement of the Law of Torts, section 283, the rule is stated to be "Unless the actor is a child or an insane person, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances," and that is the law in Indiana. *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923.

The appellant also complains of error in the refusal of the court to permit a witness to answer the following question:—"Now, if you were down 202 feet and walked along the sidewalk, state whether or not, in your opinion, when you reached a point 202 feet

away you would readily see that obstruction as you looked toward it?" There was no error in the refusal to permit the witness to answer that question as in the preliminary question, prior thereto, it had not been definitely established that the circumstances to which he was attempting to testify were the same as those encountered by the appellee on the night of the accident.

The appellant also complains of error in the refusal to give instruction numbered 8, requested by the appellant. This instruction specifically directed the jury's attention to a particular ground for contributory negligence, which appellant contended was applicable, however, this had been embodied and properly instructed upon by the court in the court's own instructions and it was not error to refuse to give appellant's instruction, since the substance had been covered by other instructions. *Hurst* v. *Reeder* (1927), 86 Ind. App. 294, 157 N. E. 101. An additional reason is that it was altogether proper for the court to refuse to give this instruction because it would, in effect, only tend to emphasize one particular fact, as shown by the evidence, to the exclusion of others and to lead the jury to infer that this one fact was important and the others were of less importance, all of which would be an invasion of the province of the jury. *Danville Trust Company* v. *Barnett* (1916), 184 Ind. 696, 111 N. E. 429.

The appellant also complains of error in the refusal of the court to give appellant's instruction numbered 17, relative to intoxication. I believe that the jury was fully instructed on this point by instruction numbered 18.