CITY OF MARTINSVILLE *v.* WINSCOTT

[No. 16,316. Filed February 13, 1940.]

*Gilbert W. Butler,* and *Lyon & Abrams,* for appellant.

*Fenton, Steers, Beasley & Klee,* and *Charles McGaughey,* for appellee.

STEVENSON, J.—This was an action by the appellee against the City of Martinsville for damages for in-

juries sustained when the appellee fell into a manhole in one of the city sewers because of a defective covering. The case was submitted to a jury for trial which returned a verdict in favor of the appellee in the sum of $750.00. The court rendered judgment on this verdict and a motion for a new trial was filed and overruled and this appeal has been taken.

The appellant assigns as error, first, that the court erred in giving to the jury Instruction No. 43; second, that the court erred in refusing to give to the jury each of instructions No. 7 to No. 10, inclusive, tendered by the appellant; third, the court erred in overruling appellant's motion for new trial. It will be noted that the first two assignments of error are not proper and accordingly present no question. Error in the giving or refusal of instructions is not a proper independent assignment of error. Such questions must first be presented to the trial court in a motion for new trial. *Raper* v. *American Tin-Plate Co.* (1901), 156 Ind. 323, 59 N. E. 937; *Leinss et al.* v. *Weiss* (1904), 33 Ind. App. 344, 71 N. E. 254; *Rahke* v. *McNulty* (1914), 55 Ind. App. 615, 104 N. E. 523; *Coca Cola Bottling Co.* v. *Wheeler* (1935), 99 Ind. App. 502, 193 N. E. 385. The alleged error in the giving or refusal of instructions was not embodied in the appellant's motion for new trial and hence we cannot consider the correctness of these instructions even under the appellant's third assignment of error.

In support of the alleged error in overruling appellant's motion for new trial the appellant contends that the verdict of the jury is not sustained by sufficient evidence. The appellant contends that there is no evidence of any definite or specific defect in the covering of the manhole. On this issue, there is evidence in the record to the effect that the lid or covering on this manhole was warped, that it did

not fit properly on the base and that one stepping on the edge of the same would cause the lid to slip off or tilt. While it is true that there is other testimony to the effect that there was no defect in the lid, the most that this court can say is that there is an apparent conflict in the evidence with respect to this issue and this court cannot accordingly weigh such evidence. *Pennsylvania Railroad Co.* v. *Boyd* (1934), 98 Ind. App. 439, 185 N. E. 160; *Moorman Mfg. Co.* v. *Keller* (1934), 98 Ind. App. 607, 186 N. E. 386; *Chicago, etc. R. Co.* v. *Luca* (1930), 91 Ind. App. 521, 170 N. E. 564.

The appellant further contends that the court erred in admitting evidence as to injuries which the appellee sustained to his back for the reason that injuries to his back were not included in the notice to the city of the appellee's injuries as required by §48-8001 Burns' Ind. Statutes 1933 Revision, §12511 Baldwin's 1934. The appellant contends that the notice to the city described no injury to his back and hence any evidence of injury to his back was improper. The questions, objections thereto, and answers on this particular subject matter are not embodied in the motion for new trial and the only reference thereto is by a general statement that the court erred in permitting the appellee to so testify. The appellee contends that such question is not properly presented for the reason that the particular rulings of the court complained of are not set out in the motion for new trial.

While the appellant's brief is not as complete as it should be on this proposition, it does appear that the notice served upon the city described the appellee's injuries as follows: "My left leg was injured and lacerated and the bones therein were injured and involved, and I was generally bruised and injured about

the entire body, and sustained a shock to my nervous system.''

The statute which requires the giving of a notice of a claim for damages against any city or town for personal injuries requires that the time and place of the accident be described and that there be contained in such notice a brief general description of ''the nature and extent of such injuries'' resulting from such accident. §48-8001 Burns' Ind. Statutes 1933 Revision, §12511 Baldwin's 1934, as amended by chapter 80, Acts 1935. Under this statute our court has adopted a liberal construction of the rule governing the sufficiency of the notice as to the nature and extent of the injury. *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193; *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79; *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26.

The evidence offered was to the effect that the appellee's back was sore; that it hurt him to do certain kinds of work and interfered with his rest at night. In view of the fact that the appellee's notice to the city informed it that by this accident the appellee was ''bruised and injured about the entire body,'' it is our opinion that injuries to the appellee's back were included in the general description contained in the notice. It was therefore not error to admit such testimony. *City of Indpls.* v. *Evans* (1940) (Ind.) 24 N. E. (2d) 776. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.