VOLK *v.* CITY OF MICHIGAN CITY

[No. 16,570.   Filed March 24, 1941.]

*Andrew J. Hickey* and *John B. Dilworth,* both of LaPorte, and *Robert H. Moore,* of Gary, for appellant.

*Theron F. Miller,* of Michigan City, for appellee.

STEVENSON, P. J.—This action was brought by the appellant to recover damages on account of injuries sustained by her as a result of a fall caused by a defective sidewalk within the corporate limits of the City of Michigan City, Indiana.

The amended complaint alleges generally that the City of Michigan City is a municipal corporation of approximately 30,000 residents and that within said city is a street commonly known as Thurman avenue. The complaint further alleges that Thurman avenue is a paved street running east and west and that six or eight feet north of said pavement and paralleling it is a four-foot cement sidewalk; that Thurman avenue is intersected by Oak street which runs in a north and south direction. The complaint further alleges that on the 16th day of July, 1939, and for several months prior thereto the appellee had carelessly and negligently permitted a portion of the sidewalk on the north side of Thurman avenue and on the east side of Oak street in the City of Michigan City, Indiana, to become and remain out of repair. The amended complaint then describes specifically the negligence of the appellee with respect to the portion of the sidewalk

and charges that the appellant, while traveling along said street in a careful and prudent manner, without any notice or knowledge of the existence of said defect, caught her foot in said hole and was seriously and permanently injured. To this amended complaint there was attached a copy of the notice served to the city, which notice reads as follows:

"To the City of Michigan City, State of Indiana:

"You are hereby notified that on the 16th day of July, 1939, between the hour of 9:00 and 10:00 A. M. and about 20 minutes until 10:00, I suffered an injury by reason of fall on the sidewalk on the northeast corner of Oak Street and Thurman Avenue. The east and west sidewalk on the north side of Thurman Avenue and on the east side of Oak Street approximately four to six feet from the pavement curb, there was a gap in the sidewalk of approximately one foot wide, where there was no concrete and there was a gully there; that said gully and gap in the sidewalk had been there for some period of time, just how many days I do not know; that as I was walking along with my grandchild I accidentally stepped into the gap or gully, slipped, stumbled, tripped and fell then and there injuring both of my legs and my hip joints; that all the muscles, ligaments, cords, fibers, nerves in my legs and pelvic girdle were sprained, wrenched, twisted and torn loose; that the bones in my right leg and my right hip were wrenched, twisted and torn out of shape, cracked and fractured; that my back was wrenched, sprained and twisted; that every bone, ligament, fiber, nerve, cord, muscle in my back was sprained, twisted and torn loose; that I intend to hold the City of Michigan City liable for damages sustained by me, as a result of this injury.

"Dated this 15th day of August, 1939.

Mary Volk."

This notice was verified and there is no question raised as to the time or manner of service of the same upon the appellee.

A demurrer was addressed to the amended complaint challenging the sufficiency of the notice for the reason that it nowhere appears in said notice that the defective sidewalk was located within the corporate limits of the City of Michigan City, Indiana. The court sustained this demurrer, and the appellant refused to plead further; whereupon judgment was entered against the appellant to the effect that the appellant take nothing by her complaint and the appellee recover costs.

The sole error assigned in this court on appeal is the alleged error in sustaining the appellee's demurrer to the appellant's amended complaint.

Under this assignment of error the sole question presented for our consideration is whether or not this notice, admittedly sufficient in every other respect, regularly served and in due time, is so fatally defective as to defeat the appellant's cause of action because of its failure to recite that the defective sidewalk described was located within the corporate limits of the City of Michigan City, Indiana. In passing upon this question, our attention is first directed to the statute in this state which requires as a condition precedent to the prosecution of this action, service within 60 days after the accident upon the mayor or clerk of the city of "a written notice of the occurrence complained of setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person . . ." § 48-8001, Burns' 1933 (Supp.).

In passing upon the proper construction to be given this statute, our court has repeatedly held that: "In so far as concerns the requirement that the notice be given, and within the time specified, and to the proper officers, the statute is strictly construed. . . . But on the question of whether a notice

in fact given is sufficiently definite as to the time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts." *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 621, 108 N. E. 29; *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193.

These same authorities announce the further proposition that if the notice directs the attention of the officers of the municipality with reasonable certainty to the place of the accident, the requirements of the notice have been met. *City of East Chicago* v. *Gilbert, supra.* Giving a liberal interpretation to the notice given by the appellant to the appellee, the question therefore is whether or not the officers of the City of Michigan City were sufficiently advised by this notice as to the place where the accident happened. It will be observed that this notice was directed to the City of Michigan City, State of Indiana, and advised them that the appellant intended to hold the City of Michigan City liable for damages sustained as a result of the injury described in the notice. The city was further informed by this notice that this accident occurred on the northeast corner of Oak street and Thurman avenue. "The east and west sidewalk on the north side of Thurman Avenue and on the east side of Oak Street approximately four to six feet from the pavement curb there was a gap in the sidewalk of approximately one foot where there was no concrete and there was a gully there." It would be indeed a strained construction to hold that this notice was not sufficient to inform the officers of the appellee city that this spot so specifically described was within the corporate limits of the City of Michigan City. As was said by the Supreme Court of Maine in the case of *Beverage* v. *Rockport* (1909), 106 Me. 223, 225, 76 A. 677: "In

view of the limited time in which these notices must be served and the fact that they are often necessarily prepared without the aid of a professional draughtsman, their construction should not be 'strangled by technicalities nor distorted by captious criticism' but full effect should be given to their natural and obvious meaning."

This notice, in our opinion, was sufficient to direct the attention of the officers of the municipality to the place of the accident and by the exercise of reasonable diligence, these officers could have found the place where it was claimed the injury occurred. *City of Gary* v. *Wilson* (1937), 103 Ind. App. 376, 8 N. E. (2d) 109. To hold that the notice was insufficient to accomplish its purpose because of the omission of the words that the spot described was located in the City of Michigan City, Indiana, would, in our opinion, be highly technical and a very definite refusal to give to this notice its natural and obvious meaning.

It should also be noted that the appellant's complaint to which this demurrer was addressed, specifically alleged that Thurman avenue and Oak street were streets located within the City of Michigan City and that the intersection of these streets, where the accident occurred, was within the corporate limits of the City of Michigan City. While these allegations in the complaint cannot be made to supply fatal omissions in the notice, yet for the purposes of a demurrer, they may be considered in passing upon the sufficiency of the complaint to state a cause of action. If there is a fatal variance between the allegations of the complaint and the exhibit, the rule is that the facts appearing in the exhibit control. In this case there is no such fatal variance however. The most that can be said as to the insufficiency of the notice is that the location of Thurman avenue and Oak street is not

definitely fixed as being within the corporate limits of the City of Michigan City. It is apparent to us that the notice in this case was sufficiently definite in itself to enable the officers of Michigan City, with very little effort on their part, to locate the place of the injury. If there were no streets in Michigan City by the names given, or, if the intersection of said streets was outside the corporate limits of said city, this fact could have been readily determined. The appellee apparently made no effort to locate the place described and is content to rely on the technical objection to the notice heretofore pointed out. For the purposes of a demurrer, at least, it is our opinion that the notice was sufficiently definite to meet the requirements of the statute and the court was accordingly in error in sustaining the demurrer to the appellant's amended complaint. *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79.

For this error, the judgment of the trial court is reversed with instructions to overrule appellee's demurrer to the amended complaint and for further proceedings consistent with this opinion.

NOTE.—Reported in 32 N. E. (2d) 724.