## CITY OF RUSHVILLE v. MORROW.

[No. 7,968.   Filed April 24, 1913.   Rehearing denied June 24, 1913.
Transfer denied November 18, 1913.]

1. MUNICIPAL CORPORATIONS.—*Defective Streets.—Action for In-
   juries.—Notice of Injury.—Sufficiency.*—A letter written by at-
   torneys, concerning personal injuries to a client by reason of the
   defective condition of a street, addressed to a city attorney, stat-
   ing that it was written at the request of the injured party, and
   setting forth the time and the name of the street where the
   injury was received, was insufficient to constitute notice of
   injury to the city within the requirements of §8962 Burns 1908,
   Acts 1907 p. 249, since it was not addressed to the parties to
   whom such notice must be given, and it stated neither the cause
   of the injury, nor the name of the city, county or state in which
   the injury was received.   p. 542.

2. MUNICIPAL CORPORATIONS.—*Defective Streets.—Action for In-
   juries.—Notice of Injury.—Complaint.*—Section 8962 Burns 1908,
   Acts 1907 p. 249, providing that no action for injuries to person
   or property, resulting from the defective condition of any street,
   etc., shall be maintained against any city or town, unless, within
   the time therein prescribed, notice has been given to the clerk
   or mayor or member of the board of trustees of such city or
   town setting forth a brief description of the time, place, cause
   and nature of the injury, is mandatory, and the giving of such
   notice is a condition precedent that must be alleged in the com-
   plaint.   p. 543.

3. MUNICIPAL CORPORATIONS.—*Defective Streets.—Action for In-

*juries.—Notice of Injury.*—The right to maintain an action against a city for injuries resulting from the defective condition of a street must be determined from the sufficiency of the notice required under §8962 Burns 1908, Acts 1907 p. 249, and not from the fact that the defendant had full knowledge of the time, place, cause and nature of the injury from other sources.  p. 543.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.—Action for Injuries.—Notice of Injury.—Waiver.*—The notice required by §8962 Burns 1908, Acts 1907 p. 249, to be given as a condition precedent to the right to maintain an action against a city or town for injuries resulting from the defective condition of a street, cannot be waived.  p. 543.

From Hancock Circuit Court; *Elmer J. Binford,* Special Judge.

Action by Emma Morrow against the City of Rushville. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Smith, Cambern & Smith, Jackson & Sample, G. W. Young* and *H. E. Barrett,* for appellant.

*Emsley W. Johnson, Orval E. Mehring, Samuel J. Offutt, George J. Rishman, Byron K. Elliott* and *William F. Elliott,* for appellee.

ADAMS, J.—Appellee brought this action against appellant to recover damages for injuries, alleged to have been sustained as a result of being thrown from a carriage in which she was riding on one of appellant's streets, such injuries being due to the alleged negligence of appellant in permitting defects to be and remain in its said street, and in not guarding the same. The amended complaint of appellee was in four paragraphs. To each of said paragraphs, appellant separately demurred, for want of sufficient facts. Appellant's demurrer was sustained as to the first, third and fourth paragraphs, and overruled as to the second. Issues of fact were formed by an answer in general denial to said second paragraph. The cause was submitted to a jury, and a verdict returned for appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict. The first error assigned is that the court

erred in overruling appellant's demurrer to the second paragraph of appellee's amended complaint.

Appellant insists that said second paragraph of complaint is insufficient, in that it does not aver that written notice of said injury was given to the clerk or mayor of appellant, within sixty days, as required by the act of March 9, 1907 (Acts 1907 p. 249, §8962 Burns 1908), which reads as follows: ''That no action in damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this state, unless written notice containing a brief general description of the time, place, cause, and nature of the injury shall, within sixty days thereafter, or if such defect consist of ice or snow, or both, within thirty days thereafter, be given to the clerk or mayor or member of the board of trustees of such city or town.''

The averment as to the notice in the second paragraph of amended complaint is as follows: ''The plaintiff further alleges and says that within sixty days after the plaintiff received said injuries, towit: on the 11th day of September, 1908, the plaintiff notified the defendant in writing of the time, place, cause and nature of her injuries, and gave to the defendant a brief description of the same, a copy of which notice is as follows: (Omitting the letter head.)

'September 11, 1908. City Attorney, Rushville, Indiana. Dear Sir:—Mrs. Emma Morrow of this city has asked us write you concerning her injuries, which occurred at the corner of Fifth Street and Arthur Street, August 18th, 1908, at about eight o'clock in the evening, at which time she received severe injuries of the head and shoulder, caused by her horse running into a rope stretched across the street, and at which place there was no danger signal or lights. She informs us that you and the mayor of the city called upon her, and advised her that you would settle, if she would be reasonable, without any trouble. We will be glad to hear from you and assure you that we will be willing to settle the claim on a very reasonable basis. She has received severe injuries, has lost considerable time, and has been to con-

siderable expense. We are not sure at this time that her injuries are permanent, but they are very severe. We shall be glad to hear from you toward a settlement of this claim. Yours very truly, Johnson & Mehring.'

That said written notice was conveyed and read by the city attorney of the city of Rushville to the mayor and common council of said city of Rushville, within a short time after receiving the same, to wit: on the 6th day of October, 1908; that afterwards to wit: on the 7th day of October, 1908, the city attorney notified plaintiff in writing that her notice had been received and submitted to the common council of the city of Rushville and to the mayor of said city; that at said time one George W. Young was attorney for the city of Rushville, and said George W. Young was a member of the firm of Young & Young, attorneys, and signed the firm name of Young & Young, and notified plaintiff in writing that the notice of the plaintiff had been submitted to the common council and to the mayor of the city of Rushville and that said written notice to the plaintiff's attorney is as follows:

'Rushville, Ind. 10/7/1908. Johnson & Mehring, Attorneys, Indianapolis, Indiana. Gentlemen: In answer to your request by phone, we submitted your offer to common council last night in Emma Morrow case, reading letter to them, and they request us to say as they were willing to do what they thought was right and proper, and even had the mayor and city attorney call on her in order to avoid trouble and expense and remunerate her for her injuries, although they did not think they were liable at all, but she would give no answer as to what she wanted or would do at this time, but afterwards asked three hundred dollars, and if not accepted by September 30th, the offer would be withdrawn. As it is now October 7th, and the time is passed, they are perfectly willing for your offer to be withdrawn. If she wants a lawsuit, we know no law that will hinder her from bringing one. Yours respectfully, Young & Young.'

That said mayor and common council of the city of Rushville were notified in writing of the time, place, cause and

the nature of the plaintiff's injury, together with a brief description of the same, as aforesaid, and that said notice was given within sixty days after plaintiff received said injuries. The plaintiff further alleges and says that the notice dated September 11th, 1908, as set out above and addressed to the city attorney of the city of Rushville, Indiana, was read to the mayor and common council of the city of Rushville within sixty days from the time plaintiff received her said injuries. Plaintiff further alleges and says that the defendant and the mayor and common council and the city of Rushville waived any further written notice of the time, place, cause and nature of such injuries, by the mayor and common council authorizing the said city attorney to write the letter dated October 7th, 1908, above set out.''

The evident theory of the complaint is that the notice required by statute was given by the letter of September 11, 1908, addressed to the city attorney of Rushville, by the attorneys for appellee, in which they say: ''Mrs. Emma Morrow of this city has asked us to write you concerning her injuries, which occurred at the corner of Fifth Street and Arthur Street, August 19th, 1908, at about eight o'clock in the evening * * * ,'' and that further notice was waived by the letter of October 7, 1908, in which the city attorney said: ''In answer to your request by phone, we submitted your offer to common council last night in Emma Morrow case, reading letter to them, and they request us to say * * * .'' The other averments in the complaint as to the notice and waiver clearly refer to the letters. We have no doubt but that a letter conforming to the require-

1. ments of the statute and shown to have been delivered to the mayor or city clerk would be sufficient. But do the letters set out in the complaint comply with the statutory mandate? Under our own decisions, we are constrained to answer this question in the negative. The letter of September 11, clearly was not intended to be a notice such as the statute contemplates. It was not addressed to

any of the parties to whom the notice must be given, it does not state the cause of the injury, and it does not disclose in what city, county or state appellee was injured. The letter of October 7 from the city attorney of Rushville to the attorneys for appellee cannot be deemed a part of the notice, but must be considered only as relevant to the question of waiver. The letter, however, discloses that the mayor had actual knowledge of the injury, and had theretofore taken up the matter of settlement directly with appellee.

If the notice required to be given, as a condition precedent to the right to bring an action of this character, and what would constitute waiver of such notice, were

2. open questions at this time, there might be room for doubt as to the construction to be placed on the act, and as to what averments of notice or waiver in a complaint would be sufficient to repel a demurrer. But, as we view it, these questions are now settled against the position taken by appellee, by the decision of our own courts in the cases of *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350, *Gribben* v. *City of Franklin* (1911), 175 Ind. 500, 94 N. E. 757; and *Blair* v. *City of Fort Wayne* (1912), 51 Ind. App. 652, 98 N. E. 736. In *Touhey* v. *City of Decatur, supra,* it was held that the provisions of §8962 Burns 1908, *supra,* are mandatory, and the giving of notice is a condition precedent to the right of action; and that facts showing the giving of the notice required by said section must be alleged in the complaint, or the same will be insufficient on demurrer. It was further held that

3. the right to maintain such an action must be determined from the sufficiency of the notice, and not from the fact that the defendant had full knowledge

4. of the time, place, cause and nature of the injury from other sources. The court also held that the notice required by §8962, *supra,* cannot be waived by a city or town. In the case of *Blair* v. *City of Fort Wayne, supra,* this court, in passing upon the same question, said: "This

case is within the statute requiring that written notice, embodying certain facts, be given the clerk or mayor of appellee, as a condition precedent to the maintenance of this action. The complaint, to withstand a demurrer for want of facts, must allege facts showing that such notice was given. It cannot be waived, nor will facts disclosing that either or both of such officers had actual knowledge of all the facts required to be given dispense with the requirements of the statute in this respect." These cases hold that actual knowledge, however obtained, of all the facts required to be stated in the statutory notice cannot supply the omission of the written notice to be given the mayor or city clerk. We must, therefore, hold the complaint insufficient, and that the court erred in overruling the demurrer thereto.

The judgment is reversed, with instructions to the trial court to sustain appellant's demurrer to the second paragraph of appellee's amended complaint.

NOTE.—Reported in 101 N. E. 659. See, also, under (1) 28 Cyc. 1453, 1455; (2) 28 Cyc. 1447; (3) 28 Cyc. 1452. As to the validity of requirements of notice of injury as condition of municipal liability, see 36 L. R. A. (N. S.) 1136. As to notice of claim and cause of injury from defects or obstructions in street, see 20 L. R. A. (N. S.) 757. As to the sufficiency of a statutory notice to a municipality with respect to the description of the place of an accident occurring in a street or highway, see 18 Ann. Cas. 994.