## CITY OF HUNTINGBURG v. HOCKER.

[No. 10,834. Filed April 27, 1921. Rehearing denied June 29, 1921. Transfer denied October 12, 1921.]

1. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Personal Injuries.*—*Notice to City.*—*Signing by Attorney.*—*Validity.*—*Statutes.*—The notice to a city of injuries resulting from defective streets, etc., which §8962 Burns 1914, Acts 1907 p. 249, requires before a suit for damages may be instituted, may be signed by the injured party or by an authorized attorney. p. 437.

2. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Personal Injuries.*—*Action.*—*Notice of Injury.*—*Incomplete Instructions.*—In an action against a city for personal injuries due to a defective street an instruction that the notice of injury required by the statute (§8962 Burns 1914, Acts 1907 p. 249), must give the "time, place and extent of the injury," though omitting to state that the notice should also set forth the cause of the injury, as required by such statute, was correct as far as it went and an instruction embodying such omission, if desired, should have been tendered. p. 437.

3. TRIAL.—*Instruction Stating Facts Necessary to Recovery.*—*Omissions.*—An instruction directing the jury to find for plaintiff upon the finding of enumerated facts, but omitting a fact essential to a recovery, is erroneous. p. 437.

4. TRIAL.—*Instructions.*—*Consideration as a Whole.*—The law applicable to different questions may be stated in separate instructions, and the entire law applicable to all questions involved in a case need not be stated in each instruction, as in such case the instructions supplement each other, and if, when viewed as a whole they fairly state the law, they are sufficient. p. 438.

5. APPEAL.—*Review.*—*Harmless Error.*—*Instruction Directing Verdict.*—*Omission of Essential Fact.*—In instruction directing verdict for plaintiff on the finding of enumerated facts, though omitting to state a fact essential to recovery, is harm-

less, where such fact is shown by the undisputed evidence, so that the inclusion thereof in the instruction could not have changed the result.    p. 438.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Jennie P. Hocker against the city of Huntingburg.    From a judgment for plaintiff, the defendant appeals.    *Affirmed.*

*A. L. Gray* and *Kiper & Fulling,* for appellant.

*R. W. Armstrong,* for appellee.

McMAHAN, J.—Appellee, having been injured while traveling on one of the streets in the city of Huntingburg, filed her complaint for damages, alleging that she was injured by reason of the negligence of appellant in failing to keep the street where she was injured in a reasonably safe condition for travel.    There was a judgment against appellant from which it appeals and assigns as error the action of the court in overruling its motion for a new trial.

The first contention is that the court erred in admitting in evidence the notice which appellee caused to be given appellant of her injury.    Section 8962 Burns 1914, Acts 1907 p. 249, provides: "That no action in damages for the injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this state, unless written notice containing a brief general description of the time, place, cause, and nature of the injury, shall, within sixty days thereafter, or if such defect consist of ice and snow, or both, within thirty days thereafter, be given to the clerk or mayor or members of the board of trustees of such city or town."

The objection to the notice is that it was not signed by the appellee in person.    The notice was signed

"Jennie P. Hocker, By R. W. Armstrong, Atty."

1. No authority is cited in support of this proposition and no reason is given why a party in cases like the present may not authorize another to sign his or her name to the notice. Appellee testified that she authorized Mr. Armstrong to sign her name to the notice. This being true there was no error in admitting the notice.

Appellant complains of instruction No. 6 as given by the court wherein the jury was told that before an action can be maintained against a municipal

2. corporation for injuries received in its streets, the injured person must give a written notice to the corporation within sixty days where the injury was caused by a defect in the street, as to time, place and extent of the injury.

The objection made to this instruction is that it does not place before the jury all of the requirements of the notice; the language of the instruction being that notice must be given as to "time, place, and extent of injury," while the statute requires that the notice also state the *cause* of the injury. The notice actually given complied with the statute. Had appellant desired to have had the court instruct more fully upon this subject, it should have tendered an instruction embodying therein its notion of the law.

In the seventh instruction the jury was directed to return a verdict for appellee if it should find the existence of certain facts. The element of notice as

3. required by §8962, *supra,* was omitted from this instruction. On the authority of *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051, we hold where an instruction purports to direct the jury to find a certain verdict upon the finding of certain stated facts, that all the facts necessary to support such verdict must be stated in that instruction,

as other instructions cannot be searched to supply any omitted fact.

The law applicable to different questions may be stated in separate instructions, and the entire law applicable to 'all the questions involved in a case need not be stated in each instruction, as in such a case the instructions supplement each other, and if, when viewed as a whole they fairly state the law, they will be sufficient. But where they undertake to state facts sufficient to authorize a verdict, a different rule applies.

It necessarily follows that the giving of the seventh instruction was error, but not necessarily reversible error.

The necessary notice was as a matter of fact actually given as shown by the undisputed evidence. This being true the inclusion of that element of the instruction could not have changed the result. No question is made relative to the amount of the damages assessed, and it appearing from the whole record that a correct result has been reached, we hold that the giving of said instruction was not reversible error.

Appellant contends that the verdict is not supported by the evidence, because appellee testified that she did not know what caused her to fall. But when her testimony is taken as a whole and considered with all the other evidence in the case, it is amply sufficient to sustain the verdict.

No reversible error being shown, the judgment is affirmed.