CITY OF COLUMBUS *v.* GOODNOW, ADMINISTRATRIX.

[No. 13,438.   Filed October 10, 1929.   Rehearing denied February 7, 1930.]

*Charles S. Baker, Frank N. Richman* and *William R. Everroad,* for appellant.

*Lee Tremain, Rollin Turner, John Rynerson, Lloyd C. Bryer* and *Donald P. Shinn,* for appellee.

NICHOLS, J.—Action by appellee for damages sustained because of the death of her husband, James L. Goodnow, alleged to have been due to the negligence of appellant. The complaint is in one paragraph, to which appellant answered by general denial. Trial by jury, which resulted in a verdict for appellee assessing her damages at $2,500, on which judgment was rendered.

The error relied on for reversal is the court's action in overruling appellant's motion for a new trial, under which is presented that the verdict is not sustained by sufficient evidence, that it is contrary to law, and that the court erred in instructing the jury.

It is averred in the complaint that appellee's decedent died June 30, 1927, as the result of injuries sustained the same day on the west side of Washington Street, near

the intersection of Sixteenth Street, in the city of Columbus, Indiana; that Washington Street was a main traveled street at the time of the accident, and the official detour of state road No. 31, and that the track of the Interstate Public Service Company ran in the center thereof; that five or 10 days prior to June 30, 1927, appellant city, by and through its officers, agents and employees, negligently deposited a pile of sand, consisting of from one and a half to three yards, in the traveled and paved portion, on the west side of said street, in a dangerous position, from five to 15 feet south of the south curb line of Sixteenth Street which extended into said Washington Street; that said Washington Street was a public highway and a street within the corporate limits of appellant city, and, as such, the city was under a duty to the public to keep it free from defects and obstructions; that none of the sand was to be or was used in the repair of Washington Street, and that appellant, in the exercise of ordinary care, could and should have deposited the sand on another nearby side street or alley, of which there were several available for said purpose, and not on the main traveled portion of Washington Street, which was then in use as the main state highway between Indianapolis and Louisville, and occupied by railroad tracks, and that there was no necessity for placing said sand on said street, and the same was an obstruction and a defect therein; that appellant negligently failed to place at or near said sand pile any warning of any nature to warn the public of the dangerous nature of said obstruction, and negligently failed to place a barrier or railing around said sand to protect the travelers on said street from injury, and negligently and carelessly allowed said sand to become spread out over the street, and, on June 30, 1927, said sand extended into Washington Street, east of the west curb, eight to 12 feet, and was from one to three feet in height; that said

city negligently allowed said sand to remain on said street for an unreasonable length of time, to wit, from five to 10 days; that, about 5 o'clock p. m. on June 30, 1927, appellee's decedent, a resident of the city, as a traveler, was riding his bicycle east on Sixteenth Street, and, upon approaching the intersection of Sixteenth and Washington Streets, he turned south onto Washington Street, and was confronted with, and his way obstructed by, said sand pile which appellant city had negligently placed too near the intersection of Sixteenth and Washington Streets, and had negligently allowed to become spread out over the street without any warning of any nature; that decedent, being confronted with said obstruction, on account of an automobile then being driven at from 20 to 30 miles per hour from the north on the west side of Washington Street, found himself in a dangerous situation, and, in endeavoring to extricate himself from his position of sudden peril, and in turning said bicycle out around said obstruction, was struck and fatally injured by said automobile; that the negligence of appellant city in placing said sand pile in the traveled portion of said street, in placing it too near the intersection of said streets, in allowing it to become spread out and to occupy a large portion of the street, in failing to place thereon any warning of any kind to protect travelers on said street, and in allowing said sand to remain on said street an unreasonable length of time, was the proximate cause of the injuries and resulting death of appellee's decedent; that appellee was dependent upon the decedent for support, and was damaged $10,000.

Appellant makes no contention that it was not negligent in depositing the sand in the street as averred and proved, but contends that appellee's decedent was guilty of contributory negligence. The burden so to prove was on appellant, and, the jury having found from some evidence that the burden was

not discharged, this court will not disturb the verdict on the weight of the evidence.

There being some evidence from which the jury might conclude that the decedent was not guilty of contributory negligence, the court did not err in refusing to give appellant's tendered peremptory instruction to return a verdict for appellant.

Appellant waived any objection to the notice of injury, and of appellee's contention that appellant was liable therefor, which notice appellee served on it, by failing to present the same to the trial court. *Halstead* v. *American Magnestone Corp.* (1925), 84 Ind. App. 205, 149 N. E. 698.

The court gave eight of 15 instructions tendered by appellee, 15 of 19 instructions tendered by appellant, and 12 instructions tendered on its own motion. We have read these instructions carefully, and we have to say that the jury was well instructed as to the law of the case. We find no reversible error.

Affirmed.

## On Petition for Rehearing.

NICHOLS, J.—Appellant's counsel so earnestly insist that there was no waiver of objection as to the notice given to the city that we conclude to withdraw, and do hereby withdraw, so much of the decision herein as holds that there was a waiver of objection to the notice, and, without deciding as to such waiver, to determine the question as to the sufficiency of the notice upon its merits.

The notice, addressed to the mayor of the city, was in substance that on or about June 30, 1927, the decedent, a resident of said city, was riding a bicycle in a lawful and careful manner at or near the intersection of Sixteenth and Washington Streets; that he turned south onto

Washington Street in a careful and lawful manner; that the city, by and through its officers and employees, negligently caused a large amount of sand to be placed in a pile on Washington Street, about 20 feet south of said intersection, which obstructed a large portion of the traveled part of said street; that as he approached said pile of sand, he did, in a careful manner, undertake to ride around the same, in order to reach his place of business; that, while so riding, he was struck by an automobile driven by one Williams, who was driving at a high and dangerous rate of speed; that because of the careless and negligent manner in which said sand was piled in said street, combined with the careless manner in which Williams was driving said automobile, the deceased was struck and sustained serious injuries, from which he shortly thereafter died; that the undersigned Stella Goodnow is his sole and only heir at law and his widow, and by reason of such facts is entitled to recover damages from the city in the sum of $10,000 on account of the injury and death of her said husband. The notice was dated August 11, 1927, and signed "Stella Goodnow."

It is appellant's contention that, because the notice was given by Stella Goodnow, the widow of the deceased, and not by Stella Goodnow, the administratrix of his estate, it is therefore insufficient.

Section 11230 Burns 1926, provides that no action for damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this state unless written notice containing a brief general description of the time, place, cause and nature of such injury shall, within 60 days thereafter be given to the clerk or mayor or members of the board of trustees of such city or town. It is to be observed that the statute does not say who shall give

the notice. It does not say that in cases of wrongful death the administrator or administratrix shall give the notice. If we so hold, then we must read into the statute the further provision that, in cases of wrongful death, the notice must be given by the personal representative of the deceased. It is not the province of the court to extend the application of the statute by construction, nor to. read into an act of the Legislature provisions which are not therein.

As was said in *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29: "The purpose of such statute is 'to apprise the officers of the municipality of the location, so that it might be examined with a view to preparing a defense to the action if it was thought a defense should be made; that if it directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met; and that it was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants.'" (Citing authorities.)

Also, as was said in *Town of French Lick* v. *Allen* (1917), 63 Ind. App. 649, 115 N. E. 79: "It seems to be the conclusion of all the courts that the real purpose of the notice is to furnish to the city or town such information, within a reasonable time after the accident, from which it may know the time, the exact location, the circumstances and the nature of the injury so that the authorities may determine the question of its liability; that they may have an opportunity to investigate before any suit can be brought and also the opportunity to obtain and preserve testimony as to the condition of the street and the circumstances attending the injury. The city receiving the notice intended for this purpose is not required to examine places not mentioned in the notice or to respond in damages for injuries not mentioned."

The notice informed appellant city that Stella Good-now was the widow and the sole and only heir at law of the deceased. The city is bound to know that, by statutory regulation, an action for wrongful death maintained by the personal representative inures solely to the widow and children, if any, or next of kin in this case, there being no such heirs other than the widow, solely to her benefit, and that she had the only claim which might arise from such wrongful death, and that the prosecution of such claim was, in a legal way, properly by the personal representative. We hold that the notice was sufficient.

Petition for rehearing denied.