CITY OF GARY *v.* WILSON ET AL.

[No. 15,402. Filed May 4, 1937.]

*Harry Long, Roswell B. Johnson* and *Gilbert Gruenberg,* for appellant.

*McMahon, Strom & Hulbert,* for appellees.

BRIDWELL, P. J.—This appeal is from a judgment rendered in an action brought by Betty Wilson by her next friend, Hazel Wilson, against appellant and the appellees Louis Goodman and Etta Goodman, to recover damages for personal injuries sustained in a fall alleged to have been caused by defects in an iron grating constituting a part of the surface of a public alley in the city of Gary, Indiana, and covering an opening or a hole which abutted a two-story brick building which the complaint avers was owned by the appellees Goodman and Goodman. An answer of general denial to the complaint was filed by all defendants thereto. Upon the issues thus formed the cause was submitted to the court for trial, which resulted in a finding for the plaintiff against the defendant City of Gary in the amount of $400.00, and in favor of defendants Goodman and Goodman. Judgment in accordance with the finding followed. Appellant duly filed its motion for a new trial, assigning as causes therefor that the finding of the court is not

sustained by sufficient evidence, and that the finding of the court is contrary to law. This motion was overruled; appellant excepted, and thereafter perfected this appeal, assigning as error the overruling of said motion.

Appellant's contentions evidenced by its two propositions stated under that heading of its briefs devoted to "Propositions and Authorities" are (1) "there was a fatal variance between the notice served upon the city and the evidence introduced at the trial as to the location of the defect which caused the injury complained of"; (2) "under the pleading and the evidence the finding in favor of the appellees Goodman and Goodman precluded any finding against the appellant city."

The notice served upon the city and introduced in evidence is as follows:

### "NOTICE OF INJURIES BY REASON OF DEFECTS IN STREET

To THE CITY OF GARY AND JOHN DWYER,
CLERK OF THE CITY OF GARY:

"The City of Gary and the Clerk thereof are hereby notified that on or about July 14th, 1932, about 9:30 A. M., Betty Wilyson, nine (9) years of age, of 22 East Fifth Avenue, Gary, Indiana, received personal injuries when she slipped into a hole in an iron grating in the cement surface of the alley which runs north and south between Broadway and Massachusetts Street in Gary, Indiana, at a point in the said alley approximately fifty feet north of the north curb line of Fifth Avenue; that said grating was approximately six feet long and two feet wide and covered a hole approximately 5 feet deep; that said grating covering said hole had a hole approximately eight inches in diameter in its south end and that it was through this hole that the said Betty Wilson slipped and injured herself; that said grating and the hole covered by said grating are on the east side of said alley and abutting the building known as 22 East Fifth Avenue;

"You also are notified that the grating covering said hole was dangerous and defective at the time

that said Betty Wilson slipped into it and was injured and that said grating had been defective for many months prior thereto; that the said Betty Wilson received severe lacerations upon her leg and she also injured her back as a result of slipping into said hole; that the said City of Gary was negligent in permitting said hole to remain in said grating and that the said City of Gary is therefore responsible for said injuries to the said Betty Wilson.

(Signed) BETTY WILSON,
HAZEL WILSON, her mother.

"I, John Dwyer, Clerk of the City of Gary, acknowledge that the above and foregoing notice of Betty Wilson was served upon me as such Clerk and a copy thereof left with me this 15th day of August, 1932.

(Signed) JOHN DWYER,
Clerk, City of Gary."

The evidence relative to the location of the iron grating where the injury occurred is not without conflict, nor does the evidence of any witness locate such grating at a point in the alley 50 feet north of the north curb line of Fifth Avenue. It does disclose that there were two gratings, both on the east side of said alley and abutting the building at 22 East Fifth Avenue, the one farthest north, according to the testimony of the witness who locates it at the greatest distance shown by any of the evidence, being located 15 feet north from the grating where the injury was sustained. Whether there was any defect whatever in the grating farthest north, which was approximately 50 feet from the north curb line of Fifth Avenue, is not disclosed, and in the absence of such evidence, the trial court may have concluded that but one of the two gratings was in fact defective. After reading the evidence we are impressed with the view that any person who, on behalf of the appellant, took the notice in question and entered upon a good faith investigation to ascertain the conditions existing at the

claimed place of injury would, acting reasonably, proceed to the alley where the notice alleged the accident occurred, and northward in said alley from Fifth Avenue observing as he went such iron gratings as abutted the building mentioned in the notice, and which were on the east side of the alley. In doing so he would, of necessity, if he possessed normal vision, see the defective grating inasmuch as he would pass it in proceeding 50 feet north from the starting point designated in the notice. If, instead of making observations as he proceeded northward in the alley, he first measured the distance of approximately 50 feet from said north curb line before looking for any grating, and then sought to locate the defective grating where the injury occurred, he should have had no difficulty in locating it, as it was within the range of his vision and not more than 15 feet distant from the place which the notice gave as its approximate location.

When the notice given directs the attention of the officers of the municipality with reasonable certainty to the place of the accident so that without other information and by the exercise of reasonable diligence such officers can find the place where it is claimed the injury of which complaint is made occurred, the notice in this respect is sufficient because it serves the purpose of the statute. It was not intended that the terms of the notice should be used to prevent a recovery by a claimant if perchance the defect in the thoroughfare was not located at exactly the point designated in the notice. *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26; *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193. In the instant case we find no such variance between the evidence and the notice as would have justified the trial court in granting a new trial because of this contention.

We cannot agree with appellant when it asserts that the decision of the court in favor of the defendants Goodman and Goodman precluded any finding in favor of the appellee and against appellant. We have examined the authorities cited and relied upon by appellant to sustain this contention, but after doing so are of the opinion that the authorities cited are either not applicable, or do not sustain the position taken.

In the instant case the injured party brought her action against the alleged property owners and the city. Under proper allegation and proof a recovery against all defendants to the complaint was possible. However, as between the appellant city and the public, the city is primarily liable to a person using its streets and alleys who sustains injuries on account of a defect therein. In the case of *Wickwire* v. *The Town of Angola* (1891), 4 Ind. App. 253, 30 N. E. 917, this court, in discussing the duty of towns and cities of this state to keep their public thoroughfares in a safe condition for travel, said (p. 257):

> "This duty is primary, and cannot be delegated to another so as to transfer the responsibility. Municipal corporations may, by ordinance or resolution, require sidewalks and street improvements to be made by or at the expense of abutting property owners to the extent of the value of the property, at least. Where one owns property upon which rests the burden of building and keeping in repair walks and street improvements, the weight of authority unquestionably is, that if he fails to perform his duty in that respect, and injury results to another, the municipality is liable for such injury. . . ."

See also: *City of Bloomington* v. *Chicago, etc. R. Co.* (1913), 52 Ind. App. 510, 98 N. E. 188; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 599, 600, 67 N. E. 443.

We are of the opinion that no good purpose would be served by setting forth herein in detail the evidence upon which the decision was rendered, as no contention is made that it was not sufficient to justify a finding against the appellant. Upon reviewing it, and noting the lack of evidence concerning liability of the appellees Goodman and Goodman, we can readily understand how the trial court could reasonably reach the conclusion it must have reached that the evidence was not sufficient to show any liability on the part of these appellees, the *alleged* owners of the building, although amply sufficient to prove liability on the part of appellant. This court will not weigh the evidence, nor disturb a judgment rendered because a different inference equally reasonable might have been drawn by the trial tribunal from facts proven.

Finding no reversible error, the judgment is affirmed.

Curtis, J., not participating.