MARCH *v.* TOWN OF WALKERTON ELECTRIC DEPARTMENT ET AL.

[No. 19,641. Filed July 1, 1963.]

*Kennerk, Dumas & Burke,* of Fort Wayne, and *Taylor & Allen,* of South Bend, for appellant.

*William E. Mills,* of South Bend, for appellee.

CARSON, P. J.—This is an appeal from a judgment of the St. Joseph Superior Court No. 2, based upon a finding sustaining an answer in abatement filed by the appellees to the plaintiff's complaint. The appellant filed an action for damages charging the appellees with joint and several negligence in connection with the operation of an electric light utility and electric transmission system, and further that as a result of said joint and several negligence the appellant was seriously injured and was damaged in the amount of $30,000.00.

To the complaint, the appellees separately and severally filed answer in abatement setting up that the

appellant had failed to allege and show that written notice had been served either upon the mayor or clerk of the town before the filing of the action as required under provisions of §48-8001, Burns' 1950 Replacement.

No evidence was introduced, but the matter was submitted to the court for finding and judgment on the issues joined by the plaintiff's complaint, the defendants' answer in abatement and a written stipulation which reads as follows:

"Come now the parties and stipulate and agree that the following facts are true:

"1. That the town of Walkerton is a municipal corporation organized under the laws of the State of Indiana.

"2. That the injuries stated in Plaintiff's Complaint were sustained on the 2nd day of September, 1957; and that no written notice was served on the town of Walkerton by the Plaintiff within Sixty (60) days after September 2, 1957.

"3. That the injury which is the subject of this lawsuit arises from an accident in which certain wires, constructed, owned, and maintained by the town of Walkerton were involved; and that said wires were, at the time of this injury, constructed, owned, and maintained for the purpose of transmitting electrical current, which electrical current was purchased by the town of Walkerton from the Northern Indiana Public Service Company; and that said electrical current was so purchased for the purpose of re-sale by the town of Walkerton to private consumers within the corporate limits of the town of Walkerton.

"It is further stipulated and agreed by and between the parties that there is not now nor has there ever been any 'Town of Walkerton Electrical Department' as an individual entity."

The court found for the appellees and rendered judgment as follows:

"1. That it finds for the defendants, Town of Walkerton and Town of Walkerton Electrical Department, and against the plaintiff, Frank March, on its answer in abatement with costs to the plaintiff.

"2. That this action abate as to defendants, Town of Walkerton, and Town of Walkerton Electric Department."

The plaintiff filed his motion for new trial and set out four specifications in support thereof:

"The finding of the Court on the Answer in Abatement of the Town of Walkerton and Town of Walkerton Electric Department, Defendants, is not sustained by sufficient evidence.

"2. The decision of the Court on the Answer in Abatement of the Town of Walkerton and Town of Walkerton Electric Department, Defendants, is not sustained by sufficient evidence.

"3. The finding of the Court on the Answer in Abatement of the Town of Walkerton and Town of Walkerton Electric Department, Defendants, is contrary to law.

"4. The decision of the Court on the Answer in Abatement of the Town of Walkerton and Town of Walkerton Electric Department, Defendants, is contrary to law."

The appellant's motion for new trial was overruled on the 16th day of February, 1961 and the appeal is taken from said ruling. This being an appeal from a negative judgment and the matter having been submitted on a stipulation no question is presented for our determination under grounds one and two of the motion for new trial. *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *City of Angola* v. *Hulbert et al.* (1959), 130 Ind. App. 97, 162 N. E. 2d 325.

Therefore we have only to consider whether or not the trial court erred in sustaining the plea in abatement

on the question of the written notice as provided for by §48-8001, Burns' 1950 Replacement, which statute reads as follows:

"Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some such municipal official aforesaid within sixty [60] days after the occurrence complained of, regardless of what causes of action may arise or result therefrom, except that where snow or ice is associated with such occurrence as the cause thereof, in whole or in part such notice shall be so served within thirty [30] days after such occurrence. [Acts 1935, ch. 80, §1, p. 235.]"

We have examined the cases decided under the act prior to 1935 which prior act was §11230, 1926 Burns' Ann. St., and the cases decided subsequent to the passage of the present act. In the case of *City of Gary* v. *McNulty* (1934), 99 Ind. App. 641, 194 N. E. 193, this court said:

"The giving of the notice is a condition precedent to a right of action. The statute is strictly construed in its requirement that notice be given within the specified time and to the proper officers."

In the case of *City of Indianapolis* v. *Evans* (1939), 216 Ind. 555, 24 N. E. 2d 776, decided after the passage of the statute applicable to the instant case our Supreme Court said:

"Since appellee alleged in her complaint that notice as required by the statute was given, *and as such an allegation* is a material allegation, it follows that she must prove the same." (Our emphasis)

Further in the same opinion the court said:

"We therefore hold that appellee failed to prove service of notice upon appellant as provided by Ch. 80, Acts 1935, p. 235, and that such proof was necessary."

We feel that the failure of the appellant to allege the service of notice as required by the statute was a fatal defect and that the trial court was correct in sustaining the answer in abatement.

Judgment affirmed.

Cooper, Clements and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 519.