GALBREATH *v.* CITY OF INDIANAPOLIS.

[No. 169A8. Filed June 26, 1969. Rehearing denied July 23, 1969.]

*Waldo C. Ging, Ging, Free & Brand,* of Greenfield, and *Bernard Stroyman* and *Charles W. Ardery, Jr.,* of Indianapolis, for appellant.

*Gary Landau,* City Attorney of Indianapolis, for appellee.

SHARP, J.—The Appellant-Plaintiff, Katherine J. Galbreath, filed a Complaint for Damages against the City of Indianapolis, Indiana, alleging she was injured on December 22, 1964, because of the negligence of the City. The Complaint was filed January 13, 1966, and a Second Amended Complaint was filed August 23, 1967, after this case was venued to the Hancock Circuit Court. The Second Amended Complaint in substance alleged that Appellant was injured on December 22, 1964, which injury occurred in the City of Indianapolis, Indiana, and resulted from the City's negligence in maintaining its streets. The essential allegation as to notice is rhetorical paragraph 20 which states:

"(20) That subsequent to Plaintiff's injuries, to-wit: on or about December 23, 1964, Plaintiff by and through her husband Ray L. Galbreath, telephoned the general switchboard at the City-County Building, Indianapolis, Indiana, and after explaining the accident to the operator was referred to the Office of Lt. Gohman of the Legal Department of the City of Indianapolis. That on or about January 2, 1965, said Ray L. Galbreath, for and on behalf of the Plaintiff addressed a letter to Lt. Gohman misnamed Gorman explaining the accident and the Plaintiff's injuries, a copy of which is attached hereto, incorporated herein and marked Exhibit 1. That subsequent to this time, Plaintiff's husband

was contacted by telephone by Lt. Gohman who discussed the liability and damage aspects of this cause, and by Indianapolis City Attorney John F. McCann, Jr., who inquired into the physical condition of Plaintiff, and who subsequently represented the Defendant, City of Indianapolis in the preliminary negotiations in the instant case. That later on January 22, 1965 Plaintiff by and through her husband sent a registered letter to the Legal Department of the City of Indianapolis to the attention of Lt. Gohman, misnamed Gorman, explaining Plaintiff's injuries, a copy of which is attached hereto, incorporated herein and marked Exhibit 2. That subsequent to this period conferences were held between Plaintiff and her husband on one hand, and Lt. Gohman on the other hand, said conferences occurring prior to February 20, 1965, which date represents a date sixty (60) days subsequent to the occurrence of the injury."

Attached to rhetorical paragraph 20 of the Amended Complaint as an Exhibit was a leter to Lt. Gohman, which stated:

"Lt. Gorman
Dear Sir:

Today we contacted the Legal Department in reference to an accident my wife experienced December 22, 1964, at 7:30 P.M. at the south east corner of East 25th Street and Keystone Avenue and was advised to communicate to your attention the facts of same.

In the process of mailing some letters in the post box at that location by wife, Katherine J. Galbreath was severly injured by stepping into a hole adjacent to the catch basin, which is in line from the curb to the post box. The sidewalk is of gravel and the location poorly lighted.

I immediately called the police and in less than 5 minutes an officer responded to the call. He made note of the details examined the site stated a report would be made of same to the legal dept. and to date have not been contacted by same. My wife is under the care of Dr. James Young, 6302 Guilford Avenue.

Trusting you will give this matter your immediate attention, I am

Yours very truly,
/s/ Ray L. Galbreath
Ray L. Galbreath"

The second letter attached to rhetorical paragraph 20 stated:

"5740 Haverford Avenue
Indianapolis, Indiana—46220
January 22, 1965

Legal Department
City of Indianapolis
Indianapolis, Indiana

Attention: Lt. Gorman

Dear Mr. Gorman:

On December 22, 1964, approximately 7:30 P.M. in the process of mailing some mail at the post box located at the southeast corner of North Keystone Avenue & 15th Street my wife, Katherine J. Galbreath was seriously injured by steeping [sic] into a hole in the gravel sidewalk. At this location there is an [sic] catch basin at curb and the post box is located 6 or 8 feet across the gravel walk. There was a deep hole 11 to 15 inches in diameter from grade to the interior of the basin. The site is very poorly lighted.

After picking my wife up and putting her into our car I called the police from the filling station across the street and an officer in a squad car responded in less than 5 minutes. A report was made to him and he and I inspected the site. He informed me that pictures would be taken of same and barricade erected until repairs could be made. I informed him I would proceed to our family physician, Dr. James W. Young, 6303 Guilford Avenue who examined her and she was under his care at home until January 8, 1965. On this date due to severe pain from the result of injury Dr. Young contacted Dr. Donald S. Blackwell, 1815 N. Capital Avenue who is an Ortho Surgeon and my wife was sent to hospital. Upon admittance to Methodist Hospital X-rays were taken after examination and picture showed damaged disc in the spine. She was put in traction until January 17, then being fitted with an orthopedic corset was dismissed from hospital. Dr. Blackwell advised bedrest at home and both doctors are still in attendance. Due to shock her temperature is abnormal and is still in constant pain.

Aside from the police report which the officer said would be referred to your department I submitted a written report.

Since I have talked with Lt. Gorman regarding same.

Trusting I will be favored with an early reply, I am

Yours very truly,
/s/ Ray L. Galbreath
RAY L. GALBREATH

Telephone—Clifford 5,78a7"

The Appellee-City filed a Demurrer to Appellant's Second Amended Complaint together with Memorandum, which stated:

"The Defendant, City of Indianapolis, demurs to the plaintiff's second amended complaint, on each of the following grounds:
1. That the plaintiff's complaint does not state facts sufficient to constitute a cause of action.

## MEMORANDUM

The plaintiff's amended complaint herein fails to allege facts showing proper statutory notice of the occurrence complained of was given to the Municipal Corporation-defendant herein. The statute governing same, Burns Indiana Statutes Annotated, 1963 Replacement, Section 48-8001, prescribes such notice and the manner for giving same. The allegations contained in paragraph 20, of plaintiff's second amended complaint, purport to recite the giving of notice, but clearly fail to state that such notice was served upon '. . . either the Mayor or the Clerk of any such City . . . either by delivery thereto in person or by registered mail with return card . . . ,' and instead indicate that letters were mailed to an investigator in the City Legal Department and that conversations were had with investigator and a City Attorney.

In interpreting this statute the Courts have held that it should be strictly construed with respect to the requirements that:
1. That notice be given
2. Within specified time
3. To the proper officials but that it should be liberally construed with respect to whether the notice itself, in its contents, is sufficiently definite as to the time, place and nature of injury. *Volk* v. *Michigan City* (1941), 109 Ind. App. 70, 32 N. E. 2d 724; *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 145 N. E. 2d 908.

The Appellate Court has recently held that facts showing the giving of notice required by this action must be alleged in the complaint or it will be insufficient on demurrer. *Wellmeyer* v. *City of Huntingburg* (1966), 139 Ind. App. 64, 7 Ind. Dec. 505, 213 N. E. 2d 709.

Further, the law has developed that the notice required to be given a City constitutes a condition precedent to a

right of action against the City, and that facts showing the giving of such required notice must be alleged in the complaint, or it will be demurrable. *Indianapolis* v. *Evans* (1940), 216 Ind. 555, 24 N. E. 2d 776.

Further, plaintiff's right to maintain the action against the City must be determined by the sufficiency of his notice, and not by the circumstance that the City or an official or employee thereof obtained from other sources knowledge of the time, place, cause and nature of the injury. *City of Indianapolis* v. *Uland* (1937), 212 Ind. 616, 10 N. E. 2d 907; *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540.

It is the defendant's position, therefore, that said amended complaint does not state facts sufficient to state a cause of action, and its demurrer should be sustained."

The trial court sustained this demurrer on September 9, 1968, and on October 21, 1968, the Appellant refused to plead over, after which the trial court entered the following judgment:

"Come now the parties in open court, by counsel, and defendant's demurrer to plaintiff's second amended complaint having been sustained, and plaintiff now refusing to plead over, the Court now enters judgment against the plaintiff and for the defendant, that plaintiff take nothing by her second amended complaint and that costs of the action be taxed to the plaintiff.

IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the Court that the plaintiff take nothing by this action, and that the defendant recover of the plaintiff its costs laid out and expended, and plaintiff now prays an appeal to the Appellate Court of Indiana."

The sole assignment of error here is the sustaining of the Appellee's Demurrer to Appellant's Second Amended Complaint.

We must determine in this case whether the allegations in rhetorical paragraph 20 of the Plaintiff-Appellant's Second Amended Complaint together with the exhibits are sufficient within the meaning of Burns' Ind. Stat. Ann., § 48-8001, to withstand a Demurrer.

The Appellant has provided us an excellent and extensive brief for our assistance.

There has been some confusion in our case law as to whether Burns' Ind. Stat. Ann. § 48-8001, and its predecessors provide for a right of action or merely establish a procedural requirement for maintaining a common law action. In *Ross* v. *The City of Madison*, 1 Ind. 281 (1848), our Supreme Court stated at page 284:

> "It may also be considered as settled that municipal corporations are responsible to the same extent and in the same manner as natural persons, for injuries occasioned by the negligence or unskillfulness of their agents in the construction of works for the benefit of the cities or towns under their government. *McCombe* v. *The Town Council of Akron*, 15 Ohio R. 474 (1), *City of New York* v. *Bailey*, 2 Denio 433."

This reasoning was followed in other earlier cases. See *Higert* v. *The City of Greencastle*, 43 Ind. 574 (1873); *Grove* v. *The City of Fort Wayne*, 45 Ind. 429 (1874); *Lowery, Admrx.* v. *The City of Delphi*, 55 Ind. 250 (1876); *The City of Logansport* v. *Dick, Admrx., et al.*, 70 Ind. 65 (1880), and other cases.

In *Touhey* v. *City of Decatur*, 175 Ind. 98, 100, 93 N. E. 540, 541 (1911), our Supreme Court stated that the then existing notice statute, similar to Burns' Ind. Stat. Ann., § 48-8001, created a statutory remedy:

> "The liability of cities and towns for injuries resulting from defects in the streets, alleys, highways and bridges is implied from the provisions of the statutes which impose the duty upon such municipalities to keep the streets, alleys, highways and bridges in repair, and give them ample power to provide the means necessary to make such repairs. Said liability rests exclusively upon said statutes. It is competent for the legislature to limit or remove it entirely."

However, the last word from our Supreme Court on this subject is *Aaron* v. *City of Tipton*, 218 Ind. 227, 235, 32 N. E. 2d 88, 91 (1941):

"Our notice statutes do not purport to set up a condition precedent to the liability of the city, but merely establish a procedural step which was necessary to the remedy of bringing an action to enforce the liability. The city may pay such liability without any notice having been given. * * * The only necessity of notice on the contested is to enable that claimant to institute and maintain his action. The notice does not affect the legal or moral obligation of the city to pay for the damages caused by its negligence. Its only purpose is to enable the city to make a prompt investigation as to its liability. The notice does not affect the right, it affects only a remedy of the injured —the remedy of instituting and maintaining an action for the collection of the damages."

The court further stated at page 239:

"A repeal of the entire notice statute which would result in leaving a claimant who had failed to serve a notice within the time allowed by the notice statute, free to bring an action, might be considered as comparable to the repeal of a statute of limitations reviving an action which had been barred prior to the repeal."

The Appellant makes much of this conflict in the theory underlying the notice statute. However, in this case it does not matter whether the theoretical basis of the notice statute is rationalized under *Touhey* or *Aaron, supra.* Both cases would require the giving of notice as provided by the statute.

There is also a distinct line of cases which provided for a liberal construction of the notice. All of these cases deal with the content and formalities of the notice itself. Some such cases are: *City of Gary* v. *Russell*, 123 Ind. App. 609, 112 N. E. 2d 872 (1953), signatures; *City of Columbus* v. *Goodnow*, 91 Ind. App. 6, 168 N. E. 191 (1929), signature; *City of East Chicago* v. *Gilbert,* 59 Ind. App. 613, 109 N. E. 404 (1915), address of accident; *Aaron* v. *City of Tipton, supra,* verification; *City of Terre Haute* v. *O'Neal,* 72 Ind. App. 485, 126 N. E. 26 (1920), address of accident; *City of Huntingburg* v. *Hocker,* 76 Ind. App. 435, 130 N. E. 814 (1921), signature; *City of Gary* v. *Wilson,* 103 Ind. App. 376, 8 N. E. 2d 109 (1937), address of accident; *Hardebeck et al.* v. *City of*

*Anderson,* 137 Ind. App. 455, 209 N. E. 2d 769 (1965), allegations in notice; *Volk* v. *City of Michigan City,* 109 Ind. App. 70, 32 N. E. 2d 724 (1941), place of injury; *Town of Frankton* v. *Closser,* 107 Ind. App. 193, 20 N. E. 2d 216 (1939), allegations in notice; *City of Logansport* v. *Gammill,* 128 Ind. App. 53, 145 N. E. 2d 908 (1957), allegation in notice.

This statute clearly and explicitly sets forth the method of serving the required notice. The notice must be served on the Mayor or Clerk of a ,city. It must be delivered in person or by registered mail with return card. In this case it was not served on the Mayor or Clerk in any manner.

There is not a single case cited by either party and we have found none, in which the requirements of this statute with reference to the method or manner of serving the notice on the Mayor or Clerk have been modified in the slightest. In fact, all authority on the subject requires service on the Mayor or Clerk of a City. In the *City of Rushville* v. *Morrow,* 54 Ind. App. 538, 101 N. E. 659 (1913), the notice was served on the City Attorney. Our court held this to be insufficient service of the notice.

In *City of Gary* v. *Russell, supra; City of Columbus* v. *Goodnow, supra; City of East Chicago* v. *Gilbert, supra; Aaron* v. *City of Tipton, supra; City of Terre Haute* v. *O'Neal, supra; City of Huntingburg* v. *Hocker, supra; City of Gary* v. *Wilson, supra; Hardebeck* v. *City of Anderson, supra; Volk* v. *City of Michigan City, supra; Town of Frankton* v. *Closser, supra,* the notice was properly served upon one of the officials designated in the statute.

In *Lynch* v. *Terre Haute,* 123 Ind. App. 282, 109 N. E. 2d 437 (1952), service of a written notice was not alleged in the complaint which was the basis upon which this court affirmed the sustaining of a demurrer. Likewise, in *Wellmeyer, Admrx. etc.* v. *City of Huntingburg, et al.,* 139 Ind. App. 64, 213 N. E. 2d 709 (1966), there was no allegation of the service of a written notice as required in Burns'

Ind. Stat. Ann., § 48-8001. A demurrer was sustained and this court affirmed. These last two expressions from this court clearly require the service of a written notice on the designated officials pursuant to § 48-8001, *and* the complaint must allege such. These recent cases by this court are consistent with the statement of our Supreme Court to this same effect in *City of Indianapolis* v. *Uland*, 212 Ind. 616, 10 N. E. 2d 907 (1937), and of this court in *Town of Frankton* v. *Closser*, 107 Ind. App. 193, 20 N. E. 2d 216 (1939), and *March* v. *Town of Walkerton Electric Department et al.*, 135 Ind. App. 30, 191 N. E. 2d 519 (1963).

The Appellant places particularly strong emphasis on the *Aaron* case and the language in it to the effect that this statute should be liberally construed. However, *Aaron* must be examined in light of its own facts. It was concerned with verification of the notice itself and not with the manner of service.

*City of East Chicago* v. *Gilbert*, 59 Ind. App. 613, 109 N. E. 404 (1915), was the first case to deal with the concept of substantial compliance with the notice statute. Under that case the requirement that the notice be given, and within the required time, to the *proper officers* requires a strict construction of the statute. But on the question whether the notice itself is sufficiently definite as to time, place, nature of injury, the rule of liberal construction applies. We do not read the *Aaron* decision as a modification of these rules. The cases cited by both parties merely reaffirm them.

Thus, the Appellant in this case was obligated under the notice statute to serve a written notice upon the Mayor or Clerk and to allege such compliance in her complaint. The allegations with reference to the manner of serving the notice are not in compliance with the statute. Therefore, the Second Amended Complaint is properly subject to Demurrer.

The Appellant has also contended that the City had actual notice and had waived the requirements of the notice statute.

In *City of Rushville* v. *Morrow,* 54 Ind. App. 538, 544, 101 N. E. 659, 661 (1913), this court stated:

> "This case is within the statute requiring that written notice, embodying certain facts, be given by the Clerk or Mayor of Appellee as a condition precedent to the maintenance of this action. The complaint to withstand a demurrer for want of facts must allege facts showing that such notice was given. It *cannot be waived,* nor will facts disclosing that either or both of such officers has actual knowledge of all the facts required to be given dispense with the requirements of the statutes in this respect.

> "These cases hold that actual knowledge, however obtained, of all the facts required to be stated in the statutory notice, cannot supply the omission of the written notice to be given the mayor or city clerk." (Our emphasis.)

See also, *Touhey* v. *City of Decatur, supra; Gubbin* v. *City of Franklin,* 175 Ind. 500, 94 N. E. 757 (1911) ; and *Blair* v. *City of Fort Wayne,* 51 Ind. App. 652, 98 N. E. 736 (1912).

The cases on waiver and estoppel with reference to such notices are collected in 65 A. L. R. 2d 1278 which indicates that the majority rule prohibits waiver or estoppel with reference to the giving of such notice. Without exception Indiana has followed the majority rule in this regard. We reaffirm this position.

We realize that the result in this case is a harsh one. However, the harshness is not our creation. The harshness of the result in this case is inherent in the statute itself. Until the statute is repealed or modified potential claimants are bound by its provisions and we are bound to follow its terms as to the manner of serving notice.

The trial court did not err in sustaining Appellee's demurrer.

Judgment affirmed. Costs v. Appellant.

Pfaff, C.J., and Hoffman, J., concur; While, J., dissents with opinion.

## Dissenting Opinion

White, J.—I respect my brethren's adherence to the doctrine of *stare decisis*. The doctrine serves a good purpose in many cases, but this case is not of that class.

I believe that it does make a difference in the rationalization of the result reached whether we interpret the notice statute in light of *Touhey* v. *City of Decatur,* 175 Ind. 98, 93 N. E. 540 (1911), or *Aaron* v. *City of Tipton,* 218 Ind. 227, 32 N. E. 2d 88 (1941). Under *Touhey* the basis of the city's liability is statutory and the notice statute is to be strictly construed against the claimant. Under *Aaron* the city's liability is common law created and the notice statute, being in derogation of the common law right of the claimant, is to be construed against limiting that liability. *Stayner* v. *Nye,* 227 Ind. 231, 237, 85 N. E. 2d 496 (1949); *Milk Control Board* v. *Pursifull,* 219 Ind. 396, 405, 38 N. E. 2d 246 (1941). Thereby, the *stare decisis* effect of *City of Rushville* v. *Morrow,* 54 Ind. App. 538, 101 N. E. 659 (1913), is eliminated by destruction of the basis on which its conclusion was reached.

In my view, in-as-much-as the city legal department is the mayor's agent for litigation and the department through which he makes all investigations and decisions concerning payment, compromise, or denial of such claims, the complaint alleged service of written notice on the mayor, insofar as the judicially declared purpose of the statute is concerned. *City of Gary* v. *Wilson,* 103 Ind. App. 376, 380, 8 N. E. 2d 109 (1937). The statutory requirement that the notice be served on the mayor was substantially complied with. See *Stone* v. *District of Columbia,* 99 U. S. App. D. C. 32, 237 F. 2d 28 (1956).

Note.—Reported in 248 N. E. 2d 553.