**Ernest E. TEAGUE and Bertha Teague, Appellants (Plaintiffs Below),**

v.

**Orland BOONE d/b/a Rochester Sale Barn and Robert Newgent, Sheriff of Fulton County, Indiana, Appellees (Defendants Below).**

No. 3-382A46.

Court of Appeals of Indiana, Third District.

Dec. 20, 1982.

Donald F. Foley, Tony H. Abbott, Foley, Cutter & Abbott, Indianapolis, for appellants.

Ted A. Waggoner, Peterson & Waggoner, Rochester, for appellee Orland Boone.

Jere L. Humphrey, Chipman, Humphrey & Chipman, Plymouth, for appellee Robert Newgent.

HOFFMAN, Presiding Judge.

On January 21, 1975, the State Exchange Bank of Culver, Indiana, filed a complaint for replevin against appellants Ernest and Bertha Teague. Appellants had defaulted on repayment of a promissory note, and the bank was attempting to take possession of certain assets pledged as security for the note. The court ordered a prejudgment order of possession directing the Sheriff of Fulton County to take into custody the pledged assets. These assets included miscellaneous farm implements and livestock.

Appellants claim that the Sheriff grossly mishandled the repossession proceedings causing them monetary loss. According to appellants, several items of personal property were improperly taken by unauthorized persons and much of their equipment was mishandled and damaged. In addition, the livestock, which had been take to Orland Boone d/b/a Rochester Sale Barn, was sold prior to the running of the statutory holding period depriving appellants of the chance to recover.

Appellants brought suit against the Fulton County Commissioners, Sheriff Newgent and Orland Boone for damages resulting from the mishandled repossession proceedings. The court entered summary judgment for all defendants finding that appellants had failed to file a notice of claim within the statutory time period pursuant to the Indiana Tort Claims Act. IC 1971, 34-4-16.5-1 *et seq.* (1982 Burns Supp.).

Appellants raise several issues which have been consolidated for review:

(1) whether IC 34-4-16.5-5(a) bars the maintenance of this suit against Sheriff Newgent by reason of the summary judgment awarded the Fulton County Commissioners;

(2) whether appellee Sheriff Newgent was estopped from asserting immunity under IC 34-4-16.5-5(a) since he was an active participant and thus

actually aware of the facts and circumstances giving rise to this claim; and

(3) whether appellee Orland Boone is a public employee as defined in IC 34–4–16.5–2(1) and therefore immune from suit for the same reasons as Sheriff Newgent.

Appellants urge us to ignore precedent established by the Supreme Court of Indiana and establish a right of action against a public employee even though the claimant has failed to comply with a jurisdictional requirement of the Indiana Tort Claims Act. Though recently developed the law in this area is clear. The object of the act is to protect the fiscal integrity of state governmental entities by limiting their liability for tort claims resulting from actions of public employees. *Thompson v. State* (1981), Ind.App., 425 N.E.2d 167.

■ The act requires that a claimant provide the head of the political subdivision against which suit is being brought notice of his claim within 180 days of the incident giving rise to the suit. IC 34–4–16.5–7. Actual knowledge of the incident whether it be garnered through active participation in the events or gleaned from reports about the incident is not sufficient notice of a claim. *Geyer v. City of Logansport et al.* (1977), 267 Ind. 334, 370 N.E.2d 333; *City of Indianapolis v. Uland* (1937), 212 Ind. 616, 10 N.E.2d 907; *Galbreath v. City of Indianapolis* (1969), 145 Ind.App. 80, 248 N.E.2d 553; *Titus v. Town of Bloomfield* (1923), 80 Ind.App. 483, 141 N.E. 360. Thus, in the case at bar Sheriff Newgent's knowledge of the circumstances through his participation does not serve as notice of any claim of damages. Nor can his knowledge estop him from asserting immunity under the clear language of the act.

■ Failure to file a timely notice of claim results in a jurisdictional bar to claimants' action. *Scott County v. Stamper* (1981), Ind.App., 425 N.E.2d 264; *Hedges v. Rawley* (1981), Ind.App., 419 N.E.2d 224. A jurisdictional bar to the claim resulting from a failure to file timely notice extends immunity from liability to the public employees involved in the incident. *Burks v. Bolerjack* (1981), Ind., 427 N.E.2d 887; *Delaware County v. Powell* (1978), Ind.App., 382 N.E.2d 958, vacated on other grounds Ind., 393 N.E.2d 190; *Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201.

In the case at bar, summary judgment was awarded the Fulton County Commissioners because appellants failed to file timely notice of their tort claim. Immunity from this claim is extended by statute to public employees involved in the incident. As Sheriff Newgent was fulfilling the duties of his office and Orland Boone was complying with directions he received from a public officer, both are public employees as defined in IC 34–4–16.5–2. Thus, the trial court correctly granted summary judgment for all defendants. The order of the trial court is hereby affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.